Frank Parmelee *et al.*

*v.*

The City of Chicago,

and

Elizabeth Bunch *et al.*

*v.*

The City of Chicago.

1. Assessment for widening a street—*horse railway not exempt.* Where a horse railway company constructed their road in one of the streets of the city, with the agreement that the company should keep so much of the street as they occupied in repair, according to the requirements of the common council for the repairs of such streets, but the company were exempted from assessment for grading, paving, macadamizing, filling or planking the streets or parts of streets upon which they should construct their railways: *Held,* that this agreement did not exempt the company from assessment to defray the expense of widening the streets upon which their railways are constructed.

2. Former decision. An ordinance of a city provided that a street railroad company, as respected the grading, paving, macadamizing, filling or planking of the streets upon which they should construct their railways, should keep so much of said streets as should be occupied by the railways, in good repair and condition, in accordance with the regulations of the city in that regard. It was held, in *Chicago* v. *Sheldon,* 9 Wallace, 50, that an ordinance of that character, which had been recognized and confirmed by the legislature, was not unconstitutional, and it was upheld, upon the principle of commutation, and as being a contract, the obligation of which could not be impaired. To this extent the case of *Chicago* v. *Baer, et al.* 41 Ill. 306, is modified.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

These two cases are in all respects the same, and the facts appear in the opinion.

Mr. John Borden, for the appellants.

Mr. M. F. Tuley, Corporation Counsel, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

At the March term, 1871, of the Superior Court, an application was made by the collector of the city of Chicago, upon his report in certain condemnation proceedings for widening State street, for judgment against delinquent real estate, for the special assessment levied thereon in such proceeding; to which application various objections were made, in apt time, by the owners of such real estate, among which was the objection that the property and franchise of the Horse Railroad Company, whose tracks were in the street proposed to be widened, were specially benefited by the proposed improvement to a large amount; and that no part of the cost thereof was assessed against that company, but the same was omitted therefrom, knowingly and fraudulently, by the commissioners; and that the ordinance was void for not ordering any part of the cost to be assessed on the property and franchises of the said company, and not ordering the amount to be assessed on all property specially benefited.

To sustain the objections made, the objectors introduced in evidence certified copies of the entire proceedings, from which it appears that the commissioners, in their report recommending the improvement, and stating to what extent property could be found specially benefited, made no mention of the property of the Horse Railroad Company, but specified only real estate, and the entire proceedings show that the railroad company was not charged with any of the burdens of the improvement.

The first section of the ordinance authorizing the improvement, is as follows: "That State street, from Madison street to Jackson street, be and is hereby ordered widened to the width of one hundred feet, condemning the property necessary therefor, on the east side thereof, in accordance with the plan hereto annexed."

The second section requires that an appraisal be forthwith made of the damages and recompense due to the owners of the real estate necessary to be taken.

The third section declares that the sum of $194,951.61 be assessed by the commissioners upon the real estate by them deemed specially benefited by the improvement, in proportion as nearly as may be to the benefits resulting thereto. And the fourth section, that the sum of $3978.61 be chargeable to the general fund. The total estimate was $198,930.30. When the assessment roll was completed it comprehended as the only property benefited, real estate, and made no reference to the Horse Railroad Company or its property.

Upon the hearing of objections, it was shown that there was a double track horse railroad on State street, from Lake street southward to Egan avenue; that it belongs to the Chicago City Railway Company; that it had occupied State street for about twelve years; that the tracks occupy a space of from 16 to 18 feet in width of the street; that the street is 73 feet wide, and cars run each way every two minutes; that there was a great deal of travel on the street, and in the winter the railroad travel was greatly impeded by the teams of other vehicles being compelled to go upon the track. The addition to the width of the street was to be 27 feet. The counsel for objector offered to prove that this addition would obviate the necessity of teams getting upon the tracks, and that the interest of the railroad company would receive a special benefit from the proposed widening; which offers were excluded by the court, and exception taken.

The exemption of the Horse Railroad Company is based upon the following ordinance: "The said parties and their associates shall, as respects *the grading, paving, macadamizing, filling* or *planking* of the streets or parts of streets upon which they shall construct their said railways, or any of them, keep *so much* of said respective streets as shall be occupied by the said railways, or either of them, in good repair and condition during all of the time to which the privileges hereby granted

to said parties shall extend, in accordance with whatever orders or regulations respecting the ordinary repairs thereof, may be passed or adopted by the common council of said city." Gary's Ord. 398.

In the case of *Chicago* v. *Sheldon,* 9 Wallace, 50, it was held, contrary to the decision of this court in *Chicago* v. *Baer et al.* 41 Ill. 306, that an ordinance like that just quoted, and which, like this, had been recognized and confirmed by the legislature, was not unconstitutional, and it was upheld upon the principle of commutation, and as being a contract, the obligation of which could not be impaired. To that extent only are the grounds taken in the *Baer* case affected by the decision of the Supreme Court of the United States, and we adhere to them still, in all other respects.

Although it may be conceded, as was held by the United States Supreme Court in *Chicago* v. *Sheldon, supra,* that the legislature had the constitutional power to commute for a tax or to contract for its release, for a consideration, still we think that the railway company was not exempt in this case, for the reason that the subject matter of the assessment is not, by any fair interpretation, included within the terms or spirit of the ordinance. By its terms, the company were exempt from assessment for *grading, paving, macadamizing, filling* or *planking* the streets or parts of streets upon which they should construct their railways, in consideration of their agreeing to keep so much of the street as they occupied in good repair and condition, in accordance with the regulations of the council in respect to ordinary repairs. But an assessment for *widening* the street is wholly outside of the act of commutation, and as to *that,* the matter stands as if no such ordinance had ever been passed.

This case also falls within that of *Hills* v. *Chicago, ante,* 86.

The judgment is reversed and the cause remanded.

*Judgment reversed.*