THE CHICAGO CITY RAILWAY COMPANY

*v.*

THE CITY OF CHICAGO.

SPECIAL ASSESSMENTS—*property in street railway.* The right of way, right of occupancy, franchise and interest of a street railway company having a track in a street under a charter of the legislature and under a contract with the city council, is a property, and as such is liable to be assessed for benefits

in the widening of the street upon which it runs its cars, the same as any other property benefited by the proposed improvement.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. HITCHCOCK, DUPEE & JUDAH, for the appellants.

Mr. JOSEPH F. BONFIELD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The only question presented by this record is, whether the railway's rights in the street, whatever they may be, are subject to assessments for benefits derived by widening State street, along which the company runs its cars. The company received a charter from the General Assembly to lay a single or double track for a street railway, to be operated and used as such, but was required to obtain permission from the city to occupy the street for the purpose. An ordinance was adopted giving permission, and requiring, among other things, that the company keep the portion of the street occupied by its tracks in repair.

On the 8th of September, 1873, the common council passed an ordinance for the widening of State street from Jackson to Harrison street, by condemning a strip of land twenty-seven feet wide along the east line of the street, thus making it 100 feet wide.

A petition was filed in the Superior Court of Cook county, and proceedings were had thereunder, resulting in a verdict and judgment for compensation for damages, amounting in the aggregate to the sum of $84,299.62. Commissioners were appointed to make an assessment to pay the damages thus sustained, and they returned their assessment roll. It shows an assessment of "$1686 on the right of way, right of occupancy, franchise and interest of the Chicago City Railway Company in State street in the city of Chicago." This was for benefits the company would derive by widening State

street at that point and along which their track was laid and their cars were run.

The company objected to the confirmation of the report as to the assessment made against it, but on a hearing of the objection the court confirmed the assessment. The company appeals, and questions the power of the city, under its charter, to levy and collect the assessment against the company.

It is claimed that the company has no such property or title to property as is embraced in the provision of the charter authorizing assessments on property benefited by such improvements.

In the case of the *City of Chicago* v. *Baer*, 41 Ill. 306, an assessment for paving a street was held invalid because a horse railway company having their track, etc., in the street was not assessed for benefits. It was there held, "that the constitutional provision requiring equality of taxation, applied as well to special assessments for improvements of this character as to any other for taxation; that when the burden is to be imposed upon those who are benefited by the proposed improvement, it must be imposed on all who are directly benefited, in the ratio of the benefits, since it would be a violation of the equality sought to be secured by the constitution, as well as of all just principles of taxation, to exempt a portion of those benefited and thereby increase the burden upon the remainder."

It was also said in that case: "Now it is true, as urged by counsel, that the railway company has not become the owner of any portion of these streets in fee, but it has, certainly, through its charter from the legislature and its contract with the city, acquired a property in them of the most valuable character, which neither the legislature nor the city can take away without the consent of the company, and capable, like other property, of being sold and conveyed. The city council has made a contract with the company by which it has granted to the latter what is substantially a leasehold interest in a portion of this street for a term, by the original ordinance, of

576 CHICAGO CITY RY. CO. *v.* CHICAGO. [Sept. T.

Opinion of the Court.

twenty-five years. * * * It has acquired rights in the street which neither any other person or company nor the general public possesses. It can now occupy the street in a manner which would not be permitted without the aid of legislation. It is wholly unnecessary to define, for the purposes of this case, what is the precise extent or nature of its property."

It was likewise said, that the company had a franchise appurtenant to the street, the right to occupy a portion of it so far as might be necessary to run its cars, for a long term of years; that the franchise and the right to occupy constituted a property fixed and immovable in its character, like realty, and recognized and protected by the law as fully as a fee simple in land, and from its character is capable of being substantially and directly benefited by the proposed improvement, and it should contribute its just share in common with other property upon the street.

The case of *Parmelee* v. *The City of Chicago*, 60 Ill. 267, was a case where the company had constructed its track in the street and had agreed to keep the portion used by it in repair, and the city agreed to exempt the company from assessments for grading, paving, macadamizing, filling or planking the streets; it was held the company were liable to be assessed to pay for widening the street. This last case is similar to this, except in that it was held that the assessment on other property was invalid, because the property of the railway company was not assessed and made to bear its just proportion of the expense of widening the street according to the benefits received, whilst here it has been assessed for that purpose and to that extent. This assessment is in conformity to those decisions, and we are satisfied with the rule they announce, and must hold that they govern this case.

The judgment of the court below is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY: Were this an open question I should be inclined to hold that the rights of railway companies are

not property of such character as to subject it to such assessment. This class of assessments creates no personal liability upon the owner of the property assessed. This property is not capable of transfer by alienation. If subjected to sale for the amount assessed, the purchaser could acquire no right to use it.