## FRANK J. LITTLE

### v.

## THE CITY OF CHICAGO AND THE EWING AVENUE RAILWAY COMPANY ET AL.

*Municipal Corporations—Assessments for Public Improvements—Property of Street Railway Company—Sec. 52, Art. 9, Chap. 24, R. S.*

1.  The franchises, right of way and of occupancy by a street railway company in a given street may be assessed for an improvement beneficial to such property, and the right to assess presupposes that the assessment may be enforced by a sale of the property upon which it is made.

2.  If a municipality was negligent in a given case, in not collecting an assessment, and a person named is entitled to maintain an action against the municipality therefor, the appropriate action would be one of case for negligence, or mandamus to compel it to do its duty.

3.  Upon a bill filed praying that a street railway company might be decreed to pay complainant the amount of a certain assessment, he having entered into a contract to fill and grade a certain street, and to take all his pay out of the proceeds of special assessments *after* they had come into the treasury, and to take all risks of the validity of such assessments, and of their collection, and to bring no action for himself against the municipality upon such contract, an assessment for the amount due him having been made upon the property of defendant, and duly confirmed by the County Court, this court declines to interfere with the decree for the defendant, complainant having failed to show that said assessment was valid and equitable or properly and validly made.

[Opinion filed December 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

In the years 1887 and 1888, Little, the appellant, did work under a contract with the village of Hyde Park (now city of Chicago), in filling and grading Commercial avenue. The work was accepted by the village authorities. There is still due and unpaid to him therefor the sum of $2,041.62. His contract with the village of Hyde Park bound himself to take all his pay out of the proceeds of special assessments

*after* they had come into the treasury. He bound himself also to take all risks of the validity of those assessments, and of their collection. He bound himself, also, to bring no action for himself, against the village (now city), upon the contract.

The village made an assessment for the sum due him, upon the right of way, right of occupancy and franchise of the Ewing Avenue Horse Railway Company, on Commercial avenue. That assessment, being for the sum of $2,041.62, was duly confirmed by the judgment of the County Court.

The village authorities at the sale had under the judgment on the assessment, bid in for the sum of $2,041.62, "the right of way, right of occupancy and franchise of the Ewing Avenue Horse Railway Company," but no deed under this sale was ever taken out, and the period within which a deed could have been taken out has now expired.

Appellant never having received a deed under the sale, or anything for his work, filed a bill setting up these facts and prayed that the Ewing Avenue Railway Company might be decreed to pay to him the amount of said assessment.

In his bill, appellant alleged that neither the village of Hyde Park nor the city of Chicago ever took any proper steps to enforce the collection of the said assessment; that the right of way, occupancy and franchise of said Ewing Avenue Railway Company, on Commercial avenue, never were and are not property of such a nature as to be subject to sale. That the sale is utterly futile, and that nothing passed thereby; that the village negligently failed to enforce payment of the said assessment, as it might have done, by suit, in accordance with Sec. 52 of Art. 9 of Chap. 24 of the Revised Statutes.

Answers were filed by each of the defendants, and a hearing was had, at which the foregoing recited facts as to the contract of appellant with the village of Hyde Park, the doing of the work, making of the assessment, judgment therefor and sale thereunder, appeared. The railway com-

pany introduced evidence tending to show that the assessment was unjust as to it, and that appellant was notified that he had better be on his guard in undertaking his contract.

The court found for the defendants, and a decree was rendered dismissing the bill.

Messrs. DOOLITTLE, PALMER & TOLMAN, for appellant.

Messrs. JOHN S. MILLER and GEORGE A. DU PUY, for City of Chicago, appellee.

Mr. HENRY BOOTH, for Ewing Avenue Railway Company, appellee.

MR. JUSTICE WATERMAN. The assessment, the payment of which appellant now seeks to enforce, proceeded upon the theory that the railway company had a franchise, and in connection therewith, in and upon Commercial avenue, an easement, the value of which was enhanced by the improvement to defray the cost of which the assessment was made.

If the railway company had there a real property interest which could be assessed for a real property improvement, it is not made clear why such property interest might not be, under the assessment proceedings, sold. Whether a purchaser at such sale would acquire anything of value to him, might depend upon a variety of circumstances; but it would seem that such valid sale would at least deprive the railway company of a thing of value to it, viz., its right of user. That such a property as was possessed by this railway company in and upon Commercial avenue may be assessed for an improvement beneficial to such property, is unquestionable. City of Chicago v. Baer, 41 Ill. 306; Chicago City Ry. Co. v. City of Chicago, 90 Ill. 575; Parmalee v. City of Chicago, 60 Ill. 267; Prov. Gas Co. v. Thurber, 2 R. I. 15-21.

Where railway property such as this is specially benefited by an improvement, it is not only the right, but the duty of the municipal authorities to include it in the assessment

made upon property benefited, and an omission to do so may render the assessment upon other property invalid. Chicago v. Baer, *supra*.

The right to assess presupposes not only that the property assessed will be benefited to the amount of the assessment, but that the assessment may be enforced by a sale of the property upon which it is made.

If the property assessed can not be sold thereunder, then its collection will have to depend upon the ability of the authorities to obtain judgment against the party liable to pay the same, and collect it out of other property which he may have; but suppose he has no other property, or none out of which the execution can be made. Is the validity of the assessment to depend upon the ability of the authorities to collect it out of property not benefited?

Appellant contends that the village should have proceeded to collect the amount of the assessment under the provisions of Sec. 52 of Art. 9, Chap. 24 of the Revised Statutes, authorizing the collection by suit of the amount of any assessment from any person liable for the payment of the same; but appellant has not shown that if such a judgment had been obtained, it could have been collected.

If the village of Hyde Park was guilty of negligence in not collecting this assessment, and appellant is entitled to maintain an action against the city therefor, the appropriate action would seem to be one of case for negligence, or perhaps by mandamus to compel it to do its duty.

In Higgins v. The City of Chicago, 18 Ill. 276, a peremptory writ of mandamus was awarded, commanding the city to proceed with the collection of an assessment to the benefit of which the relator was entitled.

In Clayburgh v. The City of Chicago, 25 Ill. 440, it was held that an action of case would lie against a municipal corporation for a failure to collect an assessment to the benefit of which the plaintiff was entitled.

In Wheeler v. City of Chicago, 24 Ill. 105, the court said: " We have no difficulty in saying that an action may be maintained upon the implied assumpsit of the city to collect

the assessment and to pay the amount awarded to property holders for opening a street."

In the present case, appellant's contract with the village of Hyde Park provided that it should not be liable in any event by reason of the invalidity of the special assessments or of a proceeding therein, or for failure to collect the same; and appellant did not upon the hearing below, show that the property of the railway company assessed was specially benefited by the improvement. He seems to have relied, upon the confirmation of the assessment by the County Court. Such confirmation was not only had in a proceeding *in rem*, but appellant admits that by the sale that judgment was *prima facie* satisfied.

Moreover, when " there is an incomplete decree and it is ineffective for want of the provision of any means for its execution, and an application is made to a court of equity to supply the imperfection so as to render the decree effective, then it is admissible to look at the real nature and character of the decree, as it may appear in the light of surrounding circumstances, for the purpose of determining whether there is such an equitable ground for action as will move a court of equity to interpose." Wadhams v. Gay, 73 Ill. 415.

So here, it was binding upon appellant, if he wished for the aid of a court of equity to collect this assessment, to show that it was just and equitable, as well as properly and validly made.

The decree of the Circuit Court dismissing the bill is affirmed.

*Decree affirmed.*