THE CICERO AND PROVISO STREET RAILWAY COMPANY

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1898—Rehearing denied December 13, 1898.*

1. SPECIAL ASSESSMENTS—*street railway may be assessed for a local improvement.* The right of way of a street railway company, together with its right of user and occupancy, constitutes property of a fixed and immovable character, which may be assessed for the local improvement of the street the same as other property.

2. SAME—*effect of the statute requiring track to be assessed as personal property.* The fact that section 15 of the Revenue act (Rev. Stat. 1874, p. 860,) requires that the track of a street railroad shall be assessed as personal property for general taxation, does not preclude the special assessment of the property of a street railroad company for local improvements.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

EGBERT JAMIESON, and JOHN D. ADAIR, for appellant:

The constitution limits the power of the legislature to the vesting of corporate authorities of cities with authority to make local improvements by special assessment of contiguous property. Const. 1870, sec. 9, art. 9.

The word "property," as used in the constitution and in the City and Village act, means "real" property only, —*i. e.,* lots, blocks, tracts or parcels of land. 1 Starr & Curtis' Stat. 1896, chap. 24.

For the purposes of general taxation the track of a street railroad company is personal property. 3 Starr & Curtis, secs. 15, 32, chap. 120.

The franchise of the Cicero and Proviso Street Railway Company is derived from the State, and is personal property.   3 Starr & Curtis, par. 34, sec. 34, chap. 120.

Without statutory authority the collector could not apply for judgment unless said right of way is land, and hence the property could not be sold, in whole or in part. 1 Starr & Curtis, par. 156, sec. 40, chap. 24; *State* v. *District Court,* 31 Minn. 354; *Sweaney* v. *Railway Co.* 54 Mo. App. 265.

Decisions relative to the liability to special assessment of rights of way of steam railroads have no application to street railways.  Such rights of way are defined by the statute as real estate for the purposes of general taxation, and can be sold therefor.   3 Starr & Curtis, par. 42, sec. 42, chap. 120; *Railway Co.* v. *Elmhurst,* 165 Ill. 15.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee:

All taxes shall be uniform in respect to persons and property.  To exempt a portion of those benefited would be a violation of the equality sought to be secured by the constitution, as well as of all just principles of taxation. Const. 1870, sec. 9, art. 9.

The constitutional provision requiring equality of taxation applies as well to special assessments as to any other form of taxation. *Chicago* v. *Baer,* 41 Ill. 306; *Chicago* v. *Larned,* 34 id. 267.

The assessment must be laid upon all property that is substantially and directly benefited. *Chicago* v. *Larned,* 34 Ill. 267; *Chicago* v. *Baer,* 41 id. 306.

The "right of way, right of occupancy, franchise and interest" of a street railway company is property of a fixed and immovable character, and is such property as is subject to assessment in this case.   *Chicago* v. *Larned,* 34 Ill. 267; *Chicago* v. *Baer,* 41 id. 306; *Parmelee* v. *Chicago,* 60 id. 267; *Railway Co.* v. *Chicago,* 90 id. 573; *Railway Co.* v. *Freeport,* 151 id. 451; *Kuehner* v. *Freeport,* 143 id. 92; *Billings* v. *Chicago,* 167 id. 337; *Lightner* v. *Peoria,* 150 id. 80.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county, confirming a special assessment levied by the city of Chicago to pay the cost of an improvement for constructing a vitrified tile-pipe sewer in (among other streets) West Lake street, from South Forty-eighth avenue to South Fifty-second avenue, in the city of Chicago, as part of a connected system of sewers. The commissioners assessed upon "the right of way, right of occupancy, franchise and interest of the Cicero and Proviso Street Railway Company in West Lake street, from South Forty-eighth avenue to South Fifty-second avenue," the sum of $120.67. The Cicero and Proviso Street Railway Company appeared in the county court and filed several objections to the confirmation of the assessment, but on the hearing but one objection was relied upon, viz., that the right of way was not assessable under the laws of the State of Illinois,—and that is the only question relied upon here.

It appeared on the hearing that the street railway company had constructed its tracks in the street in question under an ordinance passed by the town of Cicero on April 27, 1889, whereby it was authorized to construct its tracks and operate its line of road in the streets for a period of twenty years. It is conceded in the argument that the street railway company is not exempt from the levy of special assessments upon its right of way for local improvements by any provision of its charter or by the ordinance under which it constructed its line of road, but the broad claim is made that neither the right of way, right of occupancy, franchise or interest of appellant is assessable for the local improvement, because the right of way, right of occupancy, franchise and interest in the street are not such property as falls within the provisions of the constitution or of article 9 of the City and Village act.

The City and Village act authorizes corporate authorities of cities and villages to make local improvements by special assessment of contiguous property, and section 9 of article 9 of the constitution declares that the General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment of contiguous property. It is not, nor can it be successfully, denied that the ties and track of appellant constructed on the street, and the right to operate its line of railway, are property of a valuable character, and it is also true that the property is contiguous, within the meaning of the constitution and the statute; but it is said that appellant's property in the street is not real estate, and hence not liable to be assessed. It is true that the street railway company did not acquire the fee in the street, but by the ordinance the street railway company obtained the right to occupy and use the street for a period of twenty years. Under that grant it took possession of the street, constructed a road-bed, laid down its ties and fastened thereon its rails, and thus acquired the possession and use of the street for the purpose of operating its line of road. The franchise and the right of user constituted property of a fixed and immovable character, like real estate, and, so far as that property is benefited, no reason is perceived why it should not bear its just proportion of the cost of an improvement in the same manner and to the same extent as any real estate which may be contiguous to the improvement.

The question is not, however, a new one in this court. In *City of Chicago* v. *Baer*, 41 Ill. 306, it was held that a street railway company occupying a portion of a street with its tracks, and the use thereof, was liable to be assessed for an improvement in the same manner as other adjacent property. It is there said (p. 312): "Now, it is true, as urged by counsel, that the railway company has not become the owner of any portion of these streets in fee, but it has certainly, through its charter from the

legislature and its contract with the city, acquired a property in them of the most valuable character, which neither the legislature nor the city can take away without the consent of the company, and capable, like other property, of being sold and conveyed.  The city council has made a contract with the company, by which it has granted to the latter what is substantially a leasehold interest in a portion of this street, for a term, by the original ordinance, of twenty-five years;  *  *  *  that this franchise and this right of occupancy together constitute a property, fixed and immovable in its character, like realty, and recognized and protected by the law as fully as a fee simple in land; that this property is of a character to be substantially and directly benefited by the proposed pavement, and that in proportion as it is thus benefited it should contribute its share to the cost of the improvement in common with the other property upon the street.".  The rule laid down in the *Baer case* was approved in *Parmelee* v. *City of Chicago*, 60 Ill. 267.

The question again arose in *Chicago City Railway Co.* v. *City of Chicago*, 90 Ill. 573, and it was there contended, as here, that the street railway company had no such property or title to property as would authorize an assessment upon it to pay the cost of an improvement, but the court approved the doctrine laid down in the *Baer* and *Parmelee* cases, *supra*, and held that the street railroad company was liable to be assessed in like manner as other property owners.

In *Kuehner* v. *City of Freeport*, 143 Ill. 92, in the discussion of the same question, it is said (p. 104): "The difficulty apprehended by counsel in levying a special tax upon the railway in the street proposed to be improved does not exist.  It is said that the railway 'has no frontage' upon the street, and therefore no tax can be levied thereon when the levy is according to frontage of contiguous property.  The railway is contiguous to the proposed street improvement, and falls within the designation of

property that may be specially taxed for the making of the local improvement. Special taxation should be based upon, and is justifiable only upon, the basis of benefits to the property taxed by the making of the improvement for which it is levied."·

In *Lightner* v. *City of Peoria,* 150 Ill. 80, this court again passed upon the question, and it was said (p. 83): "That the right of way of the railways in the street proposed to be improved is contiguous property and falls within the designation of property that may be specially taxed, was held in *Kuehner* v. *City of Freeport,* 143 Ill. 92." See, also, *Freeport Street Railway Co.* v. *City of Freeport,* 151 Ill. 451, and *Billings* v. *City of Chicago,* 167 id. 337, where the same doctrine is recognized and approved.

Under the cases cited we regard the question settled that a street railway occupying a public street is liable to be assessed for a local improvement in the same manner as other property owners.

Reliance is, however, placed on section 15 of chapter 120 of the Revenue law, which provides as follows: "The personal property of street railroad, plank road, gravel road, turnpike or bridge companies shall be listed and assessed in the county, town, district, village or city where the principal place of business is located. The track, road or bridge shall be held to be personal property, and listed and assessed as such in the town, district, village or city where the same is located or laid." The fact that the track of a street railroad company may be required to be assessed as personal property for general taxation has no bearing on the question. No question in regard to the assessment and collection of general taxes under the Revenue law of the State is involved in this case. The legislature, no doubt, had the right to provide, in the assessment of property for State, county and city purposes, that the track of a street railroad company might be assessed as personal property, without changing the nature or character of the property when a pro-

ceeding might be instituted to make an assessment on contiguous property to pay for a local improvement. No reason is perceived why for one purpose it might not be treated as personal and for the other as real property. But however that may be, we are satisfied that the property of appellant was, within the meaning of the law, contiguous property, and as such was properly assessed.

The judgment of the county court will be affirmed.

*Judgment affirmed.*