# THE LAKE STREET ELEVATED RAILROAD COMPANY

### v.

# THE CITY OF CHICAGO.

*Opinion filed December 18, 1899.*

1. SPECIAL ASSESSMENTS—*the franchise and right of user of elevated railroad may be specially assessed.* The right of way, right of occupancy, franchise and interest of an elevated railroad company organized under the general Railroad law is liable to special assessment for the improvement of the street over which the structure is erected. (Doctrine of *Cicero and Proviso Street Railway Co.* v. *City of Chicago,* 176 Ill. 501, and *West Chicago Street Railroad Co.* v. *City of Chicago,* 178 id. 339, extended to elevated railroads.)

2. SAME—*section 40 of Improvement act of 1897 does not change rule that franchise of street railway may be assessed.* There is nothing in section 40 of the Improvement act of 1897, (Laws of 1897, p. 115,) concerning the manner of describing property liable to special assessment, including railroad property, which militates against the doctrine of *Cicero and Proviso Street Railway Co.* v. *City of Chicago,* and *West Chicago Street Railroad Co.* v. *City of Chicago, supra.*

3. SAME—*when ordinance does not preclude subsequent assessment of railroad property.* An ordinance granting authority to an elevated railroad company to maintain and operate its road, which requires the company to restore and put in good condition pavements, gutters, sidewalks, water pipes, sewer pipes and gas pipes in case they are disturbed in constructing the road, is not a contract which precludes a subsequent assessment of the company's property for street improvement.

4. SAME—*when confirmation judgment does not include more property than is assessed.* A confirmation judgment against the property of an elevated railroad, which states "that said assessment (as modified by the court) as to the property of the objector" be confirmed, does not include more property than is assessed, since the words "said assessment" limit the application of the judgment to the property described in the assessment roll.

5. SAME—*assessment may be levied upon part of right of way.* A special assessment may be levied upon part of the right of way or franchise of a railroad company which is benefited. (*Chicago and Northwestern Railway Co.* v. *Village of Elmhurst,* 165 Ill. 148, followed.)

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

This is an appeal from a judgment of the county court entered on June 3, 1899, confirming a special assessment levied by the city of Chicago to pay the cost of an improvement for paving West Lake street from the east curb line of Ashland avenue to the east curb line of Western avenue with vitrified brick.

The petition was filed on January 23, 1899; and on March 25, 1899, the assessment roll was filed, wherein the "right of way, right of occupancy, franchise, and interest of the Lake Street Elevated Railroad Company in and upon West Lake street from the east curb line of Ashland avenue to the east curb line of Western avenue" were assessed. Objections were filed by appellant to the confirmation of the assessment. The court overruled all objections, except as to the proportionate share of the cost of the improvement to be borne by appellant, which was fixed at the sum of $500.00. The objections of the appellant then came on to be heard upon the question of benefits; and a jury was waived, and the cause was submitted to the court. After hearing the testimony, the court took the matter under advisement, and afterwards entered a finding, that the benefits to the "right of way, right of occupancy, franchise and interest of the Lake Street Elevated Railroad Company," etc., would be the sum of $150.00, and ordered that the assessment upon said right of way be reduced from $500.00 to $150.00, and that the assessment roll be confirmed as to said railroad company for $150.00. Exception was taken to the finding, and motions for a new trial and in arrest of judgment were made and overruled. Exceptions were taken to these rulings of the court, and a judgment of confirmation was entered in accordance with the above finding. Exception was taken to the entry of the judgment.

CLARENCE KNIGHT, for appellant.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and DENIS E. SULLIVAN, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The first objection made is, that "the right of way, right of occupancy, franchise and interest of the Lake Street Elevated Railroad Company in and upon West Lake street from the east curb line of Ashland avenue to the east curb line of Western avenue" are not assessable in this proceeding.

The question, raised by this objection, is not now an open one in this court. In *Cicero and Proviso Street Railway Co.* v. *City of Chicago*, 176 Ill. 501, the commissioners assessed a certain sum upon "the right of way, right of occupancy, franchise and interest of the Cicero and Proviso Street Railway Company in West Lake street from South Forty-eighth avenue to South Fifty-second avenue;" and it was there claimed, that "the right of way, right of occupancy, franchise and interest" of the railway company were not assessable for a local improvement, upon the alleged ground that the same were not such property, as fell within the provisions of the constitution, or of article 9 of the City and Village act; but it was there held, that the franchise and right of user constituted property of a fixed and immovable character, like real estate, and might be assessed for the local improvement of the street, the same as any real estate contiguous to the improvement. It was also there held, that property of this nature was of a character to be substantially and directly benefited by the proposed pavement of the street, and that, in proportion as it was thus benefited, it should contribute its share to the cost of the improvement in common with the other property upon the street.

Substantially the same question arose in *West Chicago Street Railroad Co.* v. *City of Chicago*, 178 Ill. 339. In the latter case the same language here used was made use of in describing the interest of a street railway company in and upon West Twelfth street from the east line of South

Canal street to the east line of the street railway right of way in South Halsted street; and the claim was again made, that the railway property, as thus described, was not of such a character, that a special assessment could be levied upon it; but the case of *Cicero and Proviso Street Railway Co.* v. *City of Chicago, supra,* was referred to with approval, and it was there held that a special assessment might be levied upon property of the character in question.

We see nothing in the proviso of section 40 of the act of June 14, 1897, "concerning local improvements," which militates against the conclusions announced in the cases above referred to. It may be admitted, that the office of a proviso generally is to except something from the enacting clause, or to qualify, or restrain its generality. If the enacting clause in said section 40 provides for the assessment of real estate, the proviso thereby confers no additional power to assess real estate, in view of the holding that the franchise and right of user of the railway company constitute property of a fixed and immovable character, like real estate. The proviso merely qualifies the enacting clause, so far as to hold that the property of the railroad companies, intended to be assessed, might be described in any manner sufficient to reasonably identify the same.

It is said, however, by counsel for appellant, that the franchise and right of way of the Lake Street Elevated Railroad Company, assessed in this proceeding, is not the right of way of a street railroad company, occupying a portion of the street and running its cars on the street surface, but that the appellant is a railroad company incorporated under the general Railroad act, and operates its cars upon a structure about twenty feet from the surface of the street, supported on iron columns about forty feet apart, resting on the curb lines. It not only appears, that the iron columns in question rest upon the curb lines of the street, but that the stations, by which the trains

of the company are boarded, are located above the surface of the street, with stairs leading thereto from the street.   These elevated railroad companies certainly do not appropriate to their own use and benefit as much of the surface of the street, as do the surface street railways.   But it cannot be denied, that they appropriate a part of the street and sidewalk by means of the iron columns which support their structures, and by means of the stairs which lead up to their stations.   There is no reason, therefore, why the doctrine of the cases above referred to should not be extended, so as to include the franchise and right of way of elevated railroad companies.   It is not true, that the surface of the street is left as free from obstruction, as though the elevated railroad company was not operating its road.   Although the elevated railroad company does not occupy exclusively a portion of the street surface itself with its tracks, roadbed and ties, yet it does occupy a portion of the street surface in the manner above indicated.   There is no injustice, therefore, in holding it liable to assessment for the improvement of the street over which its structure is placed, and the use of which is, to some extent, obstructed thereby.

In *Louisville and Nashville Railroad Co.* v. *City of East St. Louis*, 134 Ill. 656, it was held that, under the powers conferred upon a city council by the City and Village act, a viaduct over railroad tracks could be constructed on a public street, and paid for by special assessment as a local improvement.   In *Doane* v. *Lake Street Elevated Railroad Co.* 165 Ill. 510, the surface roads of street railways were placed substantially upon the same footing, as the elevated structures of elevated street railroads, and it was there said that there was no good reason for making a distinction between the two classes of roads.

We are, therefore, of the opinion that the court below committed no error in overruling the first objection thus presented to our notice by counsel.

*Second*—It is contended on behalf of the appellant, that the ordinance, granting authority to appellant to maintain and operate its railroad in West Lake street, constituted a contract between the city and appellant, by reason of which the city is precluded from levying a special assessment for this improvement against appellant's property. This objection has no force. The ordinance in question merely requires the appellant company to restore the pavements, gutters, sidewalks, water pipes, sewer pipes, or gas pipes, in case there is any disturbance of the same during the construction of the elevated road, and requires appellant to replace the same in as good condition as they were in before such disturbance. The ordinance in question contains nothing more than a simple safety clause, designed to prevent the destruction of improvements already existing in the highways, over which an elevated structure is to be built. The ordinance in question, in no sense, embodies such a contract, as is mentioned and discussed in *West Chicago Street Railroad Co.* v. *City of Chicago, supra,* where the object of the ordinance, there involved, was to fix the share of the paving to be done by the railway company; and it was there held, that the doing of such work by the company acted as a commutation against being included in an assessment for the whole work, the burden being imposed as an equivalent for the assessment. No such construction can be given to any language employed in the ordinance, which grants authority to appellant to maintain and operate its road.

*Third*—It is furthermore contended in behalf of the appellant, that the finding and judgment of the county court confirm the assessment upon more property than is described in the assessment roll, and for this reason are erroneous. If we understand the meaning of counsel in the objection thus made, it is that the judgment confirms an assessment upon the whole of the right of way of appellant throughout its whole extent, while the assessment roll describes, and the evidence has reference to, that

portion of the right of way, which extends from the east curb line of Ashland avenue to the east curb line of Western avenue. When, however, we recur to the language of the judgment itself, we find that it is thereby ordered by the court, "that said assessment (as modified by the court) as to the property of said objector and all proceedings therein, be and the same are hereby confirmed." The judgment thus refers to "said assessment;" and a reference to the assessment roll shows that the portion of the right of way, etc., sought to be assessed, is that portion which lies between the avenues above named. This objection, therefore, is untenable.

*Fourth*—It is claimed, that there is no authority in law for levying a special assessment upon a part only of the right of way or franchise of this railroad company, even if it cannot be assessed as an entirety; and it is, therefore, argued that the assessment is invalid, because it is upon that portion of the right of way, etc., which extends along Lake street from Ashland avenue to Western avenue, a distance of one mile, and not upon the whole right of way, which is five miles long. This precise question arose in *Chicago and Northwestern Railway Co.* v. *Village of Elmhurst*, 165 Ill. 148, where it was expressly held to the contrary of the contention here made by counsel. This objection is, therefore, overruled.

*Fifth*—It is claimed that the finding of the court, that the property of the appellant is benefited by the assessment to the extent of $150.00, is not sustained by the evidence. The court below, to which the cause was submitted for hearing after a jury had been waived, heard the testimony, upon this subject, of three witnesses for appellant and four witnesses for the appellee, and thereupon decided that the benefits received by the appellant from this improvement amounted to the sum above specified. We are unable to say, that the court was not justified in its finding upon this question of fact, inasmuch as it heard the witnesses and was better able to judge

of their credibility, and of the weight to be attached to their testimony, than this court can be, with nothing before it but the written record. Accordingly, the finding made as to the benefits and the amount thereof will not be disturbed.

The judgment of the county court of Cook county is affirmed.                              *Judgment affirmed.*