COMMISSIONERS OF CHATHAM COUNTY v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed October 27, 1903.)

1. TAXATION — *Local or Special Assessments — Stock Law — Easements—Railroads.*

   The road-bed and right of way of a railroad are liable to an assessment for local improvements.

2. TAXATION—*Local or Special Assessments—Corporation Commission—County Commissioners.*

   An assessment levied by county commissioners for the purpose of local taxation, based upon the valuation of the corporation commission, cannot be sustained.

ACTION by the Board of County Commissioners of Chatham County against the Seaboard Air Line Railway Company, heard by Judge *O. H. Allen,* at May Term, 1903, of the Superior Court of CHATHAM County. From a judgment for the defendant the plaintiff appealed.

*R. H. Hayes,* for the plaintiff.
*J. D. Shaw* and *H. A. London,* for the defendant.

CONNOR, J. This was a controversy submitted to the Court without action upon an agreed state of facts. By an act of the General Assembly a stock law was established in Chatham County through which the defendant's road passes. The

Raleigh and Augusta Air Line Railroad Company owns a right of way with track and depots thereon from the Wake County line to the line of Moore County, through New Hope, Cape Fear and Oakland townships, which was assessed by the North Carolina Corporation Commission for taxation in 1900, 1901 and 1902, at $74,390. The Commissioners in November, 1902, levied a "stock law" tax for 1900 on the said railroad company's right of way, etc., of 20 cents on each $100 of assessed value for taxation in said townships; for 1901, 15 cents, and for 1902, 10 cents, and adopted the following order: "That a tax levy of ten cents is made on the one hundred dollars of value of real estate embraced within the present stock law territory in said county, known as the Pittsboro and Pioneer stock law territory." On April 6, 1903, the following order was made by the Commissioners: "Ordered, by the Board of Chatham County Commissioners, that the order of the board at its meeting in November, 1902, relative to railroad taxes be changed so as to require the railroads mentioned to pay the stock law tax for the years 1900, 1901 and 1902." Pursuant to said orders, the Register of Deeds has computed taxes against the said railroad as set forth in the case agreed and the sheriff of said county threatens to collect the same. The Corporation Commission, in accordance with the statute, valued the right of way, including tracks and buildings thereon of the defendant as an entirety, and apportioned to Chatham County such part of the whole amount as the length of the road in Chatham County bore to the entire length of the road, and it was upon this valuation that the "stock law" assessment was computed. The defendants, the several railroads parties to this controversy, insist that their right of way, road-bed, depots, etc., are not liable for the assessment levied upon them, because in the act prescribing the method of taxation of railroads it is expressly provided that their right of way, etc., shall be

assessed as personal property; that they do not own the land, but simply a right of way or easement, and rely upon the language used by this Court in *Shields v. Railroad,* 129 N. C., 6.

It is undoubtedly true that as between the railroad and the owner of the land condemed, the former acquires by condemnation proceedings only an easement to be used for the purposes set out in its charter. It is equally clear that the Corporation Commission, the agency appointed for the assessment of railroad property, is directed to assess and value the right of way, etc., as personal property.

The liability of railroads for assessment for local improvements has been the subject of much discussion and conflict of decision. Elliott on Railroads, section 786, says: "There is a conflict in the adjudicated cases as to whether or not the right of way of a railroad company is subject to local assessment. The question has been discussed in a great number of instances and different conclusions reached in apparently similar cases. The latest authorities on the subject, however, recognize what we believe to be the true rule, and that is, that where the right of way receives a benefit from the improvements for which the assessment is levied, and there is no statute exempting the railroad company from local assessments in clear and unequivocal terms, it is subject to assessment." In *Northem, etc., R. Co. v. Connelly,* 10 Ohio St., 159, it is said: "If railroad tracks are taxable for general purposes, it is difficult to perceive why they should not be subject also to special taxes or assessments." The question seems to have been decided by the Supreme Court of Illinois in a number of cases, the latest being *Cicero Ry. Co. v. City of Chicago,* 176 Ill., 501, in which it is said: "It is true that the street railway company did not acquire the fee in the street, but by the ordinance the street railway company obtained the right to occupy and use the street for a period of twenty years.

Under the grant it took possession of the street, constructed its road-bed, laid down its ties and fastened thereon its rails, and thus acquired the possession and use of the street for the purpose of operating its line of road. The franchise and right of user constituted property of a fixed and immovable character, like real estate, and, so far as that property is benefited, no reason is perceived why it should not bear its just proportion of the cost of an improvement in the same manner and to the same extent as any real estate which may be contiguous to the improvement." The Court further says: "Reliance is, however, placed on section 15 of chapter 120 of the revenue law, which provides as follows: 'The track, road or bridge shall be held to be personal property and listed and assessed as such.' The fact that the track of a street railway company may be required to be assessed as personal property for general taxation has no bearing on the question. No question in regard to the assessment and collection of general taxes under the revenue law of the State is involved in this case. The Legislature, no doubt, had the right to provide, in the assessment of property for county, State and city purposes, that the track of a street railroad company might be assessed as personal property, without changing the nature or character of the property, when a proceeding might be instituted to make an assessment on contiguous property to pay for a local improvement. No reason is perceived why for one purpose it might not be treated as personal, and for the other as real property."

It having been settled by this Court that it is within the power of the Legislature to establish stock law districts and provide for an assessment upon the land therein to pay for building and maintaining the common fence, upon the theory that the land within said territory receives a special benefit from the establishment of the stock law, we can see no reason why all of the land and all such interests as are capable of

COMMISSIONERS *v.* RAILROAD CO.

receiving the benefit and being assessed therefor, do not come within the provisions of the law. *Cain v. Commissioners,* 86 N. C., 8. The defendants, however, contend that admitting this to be true, the Commsisioners cannot adopt a valuation placed upon their road-bed and right of way by the Corporation Commission, because in making such valuation their entire line of road and elements of value other than the land and improvements thereon are taken into consideration; that for the purpose of levying this assessment the land or their interest therein should be assessed without regard to its connection with other portions of the road-bed and without regard to its value by reason of the use to which it is put. There is great force in this contention. Certainly it is the land and permanent structure thereon which is subject to the assessment, and it should be assessed with reference to the special benefit which it enjoys by reason of the stock law. It is apparent that several interesting and difficult questions may be presented when it is sought to apportion the burden which the right of way and road-bed should bear measured by the special benefit it enjoys. We do not feel called upon, nor would it be proper upon this record, to discuss or decide these questions. The Legislature does not seem to have provided any machinery for assessing the right of way and road-bed of railroads running through stock law territory. The valuation placed upon it by the Corporation Commission certainly cannot be adopted as the correct one for apparent reasons. His Honor continued the injunction, and in doing so committed no error.

We simply decide in this case two questions:

1. That the road-bed and right of way of the defendant is liable to an assessment for local improvements as other real estate.

2. That the assessment levied by the Commissioners, based

upon the valuation of the Corporation Commission, cannot be sustained.

The judgment of his Honor is,. therefore,

Affirmed.