THE CITY OF CHICAGO, Appellee, *vs.* GEORGE A. McKIN-LOCK *et al.* Appellants.

*Opinion filed October 26, 1912—Rehearing denied Dec. 4, 1912.*

1. SPECIAL ASSESSMENTS—*area of tracts assessed is not the only basis for assessment.* The area of the tracts to be specially assessed may be considered along with the frontage of the tracts on the line of the proposed improvement, and other circumstances, in determining the question of benefits; but it would be as invalid to make an arbitrary assessment on the basis of area, alone, as upon the single basis of frontage.

2. SAME—*what is not ground for modifying assessment.* It is presumed that the superintendent of special assessments has performed his duty in spreading the assessment, and the assessment will not be modified, annulled or re-cast merely because there is a difference of opinion as to whether the officer exercised sound judgment in spreading it, unless the assessment is clearly inequitable or unjust or his action was so improper as to amount to fraud.

3. SAME—*when failure to assess elevated railway is not fatal.* The facts that the space occupied by the columns supporting an elevated railroad structure is excepted from the improvement and that no assessment is spread against the property of the elevated railroad company are not fatal to the assessment, where the proof

does not make such a case of special benefit to the company as shows negligent or improper conduct by the superintendent of special assessments in omitting the property of the company from assessment.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

WILLIAM T. HAPEMAN, (GEORGE A. MASON, of counsel,) for appellants.

PHILIP J. McKENNA, and EDGAR R. HART, (WILLIAM H. SEXTON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment for the improvement of Fifth avenue, in the city of Chicago, from South Water street to VanBuren street, by paving with creosoted wooden blocks. The cause was tried upon legal objections, which were overruled. Appellants thereupon waived further controversy and perfected this appeal.

Two objections were urged: First, that the assessment was not justly and equitably distributed among the several tracts assessed for the proposed improvement; and second, that the Union Elevated Railroad Company, whose elevated structure occupies that portion of Fifth avenue in which the proposed improvement is to be made, should be assessed.

The property affected by this assessment is located in what is known as the "loop" district in the city of Chicago, being property either within the loop of the Union Elevated Railroad Company, in the business district of Chicago, or contiguous thereto. To sustain their first objection appellants offered proof to the effect that all property in the loop district was valued and sold by the square foot,

and that each of the several tracts being assessed for the proposed improvement was benefited in proportion to its area and without any regard to the extent of its frontage upon the street where the paving was to be laid, and their witnesses testified that the tracts assessed were benefited in exact proportions to their respective areas. The assessment had not been spread according to this theory, but the superintendent of assessments had taken into consideration the frontage of each lot or parcel of ground, as well as the area, in distributing the cost of the proposed improvement. Witnesses for the appellee testified that this was the only just and equitable method of making the distribution. and of .determining the relative benefits accruing to the several tracts; that the amount of frontage on the line of the improvement, the area of the tract, and its situation with reference to whether it was a corner or an inside lot, were all involved in determining the true basis for spreading the assessment among the several parcels in an equitable manner. While it is true that the area of tracts benefited may be considered in determining the benefits to the property, this is not the only consideration. To arbitrarily assess benefits on the basis of the area of the tracts, alone, would be as invalid as to make an arbitrary assessment on the basis of frontage, merely. Both the frontage of the various tracts and their areas are proper to be considered in determining the relative benefits to be derived from the improvement. Upon the filing of the assessment roll it is presumed that the superintendent of assessments has performed his duty, and the assessment will not be modified, altered, annulled or re-cast merely because there is a difference of opinion as to whether the officer making it exercised sound judgment in spreading it, unless the assessment is clearly inequitable or unjust or his action was so improper as to amount to fraud. (*Betts* v. *City of Naperville,* 214 Ill. 380; *Clark* v. *City of Chicago,* 229 id. 363.) Under the provisions of section 47 of

the Local Improvement act the determination of questions raised by legal objections to the assessment is for the court, and in considering all the testimony we find no error in the finding of the court that the distribution of the cost of this improvement among the various tracts assessed was not inequitable or unjust.

As to the second ground urged for reversal, it appears that the elevated structure of the railroad company extends over the full length of the proposed improvement; that the structure is supported by posts resting in the roadway of the street, and that the ordinance for the improvement specifically excepts that part of the surface of the street occupied by the base of the supporting columns; that along the line of the improvement the railroad company has three stations with twenty-three entrances from the street, and that news stands and other concessions are operated in these stations. It appeared that at these stations the patrons of the road were enabled to cross the street on a platform situated beneath the elevated structure and above the street, so that persons desiring to use the elevated road could reach the platform on either side of the elevated structure from either side of Fifth avenue without crossing the street on the surface, and that passengers alighting from elevated trains could reach either side of the street from the elevated structure in the same manner. Witnesses for the appellants testified that the railroad company would be benefited $5000 by reason of the improvement, while in the opinion of witnesses for appellee the proposed improvement would be of no benefit whatever to the railroad company, except that it might derive some benefit by reason of increased fire protection, upon the theory that the improvement in the street would enable the fire companies of the city to reach the scene of a fire more speedily. The witnesses testified, however, that this benefit was so remote and infinitesimal that it was not susceptible of calculation or determination. It was also shown on behalf

of the appellee that litigation was then pending involving the right of the elevated railroad company to occupy these structures, and that this was an additional reason for not levying an assessment against it.

Appellants rely upon *Lake Street Elevated Railroad Co. v. City of Chicago,* 183 Ill. 75, in support of their contention that the property of the elevated railroad should have been included in the assessment. This case holds that as a matter of law the property of an elevated railroad may be assessed for a local improvement where it is specially benefited. Appellee concedes this to be the law, but contends that the proof here does not justify the claim that the property of the elevated railroad will be benefited. It does not appear from the facts as presented that the superintendent of special assessments acted negligently or improperly in omitting from the assessment the property of the railroad company, which brings the case within the rule announced in *Clark* v. *City of Chicago, supra,* where we said: "When the superintendent of assessments made up the assessment roll in this case the law presumes that he exercised a sound judgment and discretion in the matter, and this presumption will be indulged until the contrary is shown; also, when he omitted from the assessment certain property, it will be inferred, until the contrary is shown, that some good reason arising out of the character and situation of the property existed, and not that he acted negligently or improperly. Unless the superintendent of assessments acted so negligently and improperly in spreading the assessment that, in effect, his acts were fraudulent, the assessment will not be re-cast.—*Allen* v. *City of Chicago,* 176 Ill. 113; *Betts* v. *City of Naperville,* 214 id. 380."

The weight to be given to the testimony of the respective witnesses was for the trial court to determine, and it was in a much better position than we are to determine that matter. We cannot say that the order of the court in

overruling the second objection of appellants was so pal-
pably against the weight of the evidence that it ought to
be reversed.

The judgment of the county court is affirmed.

*Judgment affirmed.*