(No. 12970.—Reversed and remanded.)
THE CITY OF CHICAGO, Appellee, vs. THE CHICAGO RAIL-
WAYS COMPANY, Appellant.

*Opinion filed December 17, 1919.*

1. SPECIAL ASSESSMENTS—*when the Chicago street railway ordi-
nance does not preclude assessment.* The provisions of the street
railway ordinance of the city of Chicago which define the com-
pany's duty as to paving and repairing streets have reference to
streets occupied by the tracks of the company and do not preclude
the assessment of the company's land for the paving of an alley
abutting upon the land, which is used for a storage yard, in which
alley the company has no railway track.

2. SAME—*effect, as to benefits, when property is devoted to a
special use.* Land of a street railway company which is devoted
to use as a storage yard and will continue to be so used can be
specially assessed for a paving improvement only to the extent of
the benefit to the property with reference to its special use, and
it is error to allow proof of general benefits based on the increased
market value of the property in case it should be sold.

APPEAL from the County Court of Cook county; the
Hon. JOHN H. WILLIAMS, Judge, presiding.

CHARLES M. HAFT, (W. W. GURLEY, of counsel,) for
appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (JOSEPH
J. SULLIVAN, GEORGE P. FOSTER, OTTO ULRICH, and H. A.
TIFFANY, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment of the county court
of Cook county confirming a special assessment for the pav-
ing of an alley in the city of Chicago.

The record shows an ordinance was passed by the au-
thorities of said city in October, 1917, providing for paving
the roadway of an alley running east from Western avenue
between West Harrison and Flournoy streets; that appellant

is chartered for the sole purpose of conducting a street railway business; that certain of its property involved in this appeal, being lots 27 to 41, inclusive, in a certain block, abutting on the alley to be paved, was assessed for this pavement. The evidence shows that for more than ten years last past these lots have been used exclusively for a material yard for the storage of supplies used by appellant in conjunction with its street railway business; that said lots will continue to be used permanently for the sole purpose aforesaid; that the buildings upon said property are of minor importance; that most of the materials stored upon said premises are non-combustible, and consist of metal of various kinds manufactured into parts for street railway use, sand, cement, crushed stone, etc.; that the entrance to said lots has been in the past substantially all made from Western avenue, although it is possible to enter the lots through a gate from Flournoy street; that practically all of the material which is taken into or from said yard is carried by rail on the tracks of said company through the Western avenue entrance; that said lots are surrounded by a tight board fence about eight feet high, above which are placed two or three barbed wires. The alley in question is not occupied in any way by street car tracks, nor is there any evidence in the record which tends to show that it is liable to be used for that or any other street car purpose in the near future. While it is physically possible to have an entrance from the alley to the yard of appellant, there is no evidence tending to show that there is any such plan or intention on appellant's part. Appellant has a double-track street railway running in front of this yard along Western avenue.

It is argued by counsel for appellant that this property cannot be assessed for the improvement because of the contract provisions of the ordinance under which it is operating its street cars over tracks in the city of Chicago. That ordinance provides, among other things: "The company

shall at its own expense fill, grade, pave and keep in repair that portion of the street occupied by it, as more specifically provided for in exhibit 'B.' " Exhibit "B" referred to, provides, among other things: "The company, as respects filling, grading, paving, keeping in repair, sweeping, sprinkling, keeping clean or otherwise improving the streets or part of streets occupied by its railway, shall fill, grade, keep in repair, sweep, sprinkle and keep clean and free from snow eight (8) feet in width of all streets and public ways, or portions thereof, occupied by it with a single-track railway and sixteen (16) feet in width of all streets and public ways, or portions thereof, occupied by it with a double-track railway."

It is strenuously insisted by counsel for appellant that under the reasoning of this court in *City of Chicago* v. *Chicago Railways Co.* 282 Ill. 383, under the above provisions of the ordinance the city cannot specially assess any of the property of appellant used for street railway purposes for paving or other surface improvements. That decision does not so hold, neither do the other decisions cited and relied on by counsel for appellant, such as *City of Chicago* v. *Sheldon*, 76 U. S. 50, *Parmelee* v. *City of Chicago*, 60 Ill. 267, and *West Chicago Street Railroad Co.* v. *City of Chicago*, 178 id. 339, so hold. In each of the cases referred to, the court was considering the paving by special assessment of a street upon which the street railway had located one or more tracks, and what was stated in any of those cases referred particularly to the situation of paving the street upon which tracks were operated, and not to a situation such as this, where the street railway company does not occupy, with its tracks or otherwise, the alley in question. A fair construction of the contract ordinance in question, particularly the parts quoted above, taken in connection with the rest of the ordinance, would appear to be that the contract as to paving the streets by the appellant applies only to those streets "occupied" by its railway. The objection by appel-

lant, therefore, to this assessment on the ground that the contract ordinance prevents and forbids the city from assessing this property for paving this alley cannot be sustained.

It is further argued by counsel for appellant that as the property in question had for years been devoted to street railway purposes, and the evidence tends to show will continue so to be used for years to come, it is only subject to a special assessment upon the theory that the property will be benefited by the proposed improvement when devoted to street railway purposes. Under the reasoning of this court in *Chicago Union Traction Co.* v. *City of Chicago,* 202 Ill. 576, *Chicago Union Traction Co.* v. *City of Chicago,* 204 id. 363, *City of Chicago* v. *Chicago Railways Co. supra,* and *Village of Oak Park* v. *Chicago and West Towns Railway Co.* 285 id. 459, there can be no question that this is the correct rule of law to apply to this property under the circumstances shown by this record.

Appellee put on the witness stand certain real estate experts, who were asked by appellee to state whether or not in their opinion the property of the objector would be benefited by the proposed improvement of the alley in question. This was objected to by counsel for appellant on the ground that the question was too broad; that it should be limited to the question of the benefit by this improvement to the property in question when devoted to the use to which the evidence shows it has been devoted and will continue to be devoted. This objection was overruled and exception taken. It is contended by counsel for appellee that even though the rule of law argued for by counsel for appellant be the correct one, no prejudicial error was committed by the trial court in permitting this general question to be answered over the objection of counsel for appellant, as on cross-examination of these witnesses they testified that the selling or market value of the property would be affected by the proposed improvement to the extent of the assessment levied against it, and that such improvement would also give

additional fire protection to said property and render the alley more sanitary; that this testimony shows that these witnesses did not base their opinions upon the supposition that the property was to be used for other than city railway purposes. With this we cannot agree. This court has held more than once that the present and not the probable future use of the land is the test of market value to be shown by the evidence, and that property used for railway purposes, devoted to such special use, has no market value,—that is, no market value in the ordinary use of that term. (*Illinois Central Railroad Co.* v. *City of Chicago,* 169 Ill. 329; *City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 id. 11.) Under the reasoning of the authorities cited in this last case and the other authorities cited heretofore, there can be no question that the trial court erred in not sustaining the objection of counsel for appellant to the general questions asked of the real estate expert witnesses of appellee. As was said by this court in *City of Chicago* v. *Chicago Railways Co. supra,* on page 386: "The appellant could not be required to change the use of the property, and the property could not be assessed on the theory suggested by the counsel for the appellee that the appellant might sell the property for a manufacturing plant and move the terminal to some other place, which could be said of depot grounds, switch yards or other property used in the operation of a railroad." The same reasoning applies here. The evidence as to the benefit of this local improvement to the property in question should have been limited to the question of benefit to the property when devoted to the use to which the evidence shows it had been and was being put.

For the error in admitting the testimony on this question the judgment of the county court must be reversed and the cause remanded for further proceedings in harmony with the views herein stated.   *Reversed and remanded.*