The Oshkosh City Railway Company and another, Respondents, vs. Winnebago County and others, Appellants.

*January 14 — February 5, 1895.*

*Municipal corporations: Local assessment for street improvement: Right of way of street railroad: Construction of statute.*

1. Statutes delegating authority to make local assessments for street improvements will be strictly construed.

2. Sec. 1836, R. S., requiring every corporation owning or operating a railroad in a street to restore the street to its former condition and "thereafter maintain the same in such condition against any effects in any manner produced by such railroad," gives no authority to levy a special assessment on such corporation for the improvement of the street.

3. Subd. 14, sec. 1038. R. S., providing that the track, right of way, etc., of railroad companies shall be exempt from taxation, "except that the same shall be subject to special assessment for local improvements in cities and villages," is at most a general declaration that the property mentioned shall be subject to such assessment in cases provided by law; and the power to levy the assessment thereon must be found elsewhere.

4. The Oshkosh city charter provides (Laws of 1883, ch. 183, subch. 10, sec. 3) that the aldermen shall have power to pave any street "and charge the cost and expense thereof to the center of the street . . . to any lot or lots fronting or abutting on such street." It also provides (subch. 10, sec. 33) that the word lot or lots "shall be deemed to include . . . parcels and strips of land," etc. *Held,* that this does not authorize a special assessment upon the right of way, etc., of a street railway company, lying wholly within the street.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

The action is to set aside a special assessment tax, to cancel a tax certificate issued thereon, and to restrain the execution of a tax deed on such certificate. The plaintiff is a railway company, having a right of way and roadbed and tracks along Ceape street, in the city of Oshkosh, near the center of the street. The board of aldermen paved and curbed Ceape street with cedar blocks. It charged a part of this improvement against the plaintiff's right of way and roadbed. The assessment was unpaid, and the right of way and roadbed were afterwards sold and a tax certificate issued to the county of *Winnebago.* There was a finding and judgment for the plaintiff, from which the defendants appeal.

For the appellants there was a brief by *H. I. Weed* and *Henry Fitzgibbon,* and oral argument by *Mr. Weed.* They contended, *inter alia,* that apart from the statutes, and by general principles of law, the company is subject to taxation for special assessments. The track of a railroad company is not exempt from special improvement taxes. Cooley, Taxation (2d ed.), 652, and cases cited; Dillon, Mun. Corp. § 777. An easement is a property right subject to taxation and may be assessed for special improvements. *Appeal of North Branch & M. R. Co.* 32 Cal. 499; *People ex rel. D. & F. R. Co. v. Cassity,* 46 N. Y. 46; *Providence Gas Co. v. Thurber,* 2 R. I. 15; *Providence & W. R. Co. v. Wright,* id. 459; *Appeal Tax Court v. Western Md. R. Co.* 50 Md. 274; 1 Desty, Taxation, 300, par. 63, and cases cited; *Muscatine v. C., R. I. & P. R. Co.* 79 Iowa, 645; *Ill. Cent. R. Co. v. Decatur,* 1 L. R. A. 613, and note.

For the respondents there was a brief by *Felker, Stewart & Felker,* and oral argument by *C. W. Felker.*

NEWMAN, J. No question is made of the power of the legislature to make the right of way of a railroad company

subject to special assessment for the improvement, by paving, of a street in a city — to the extent, at least, to which it is benefited by the improvement. It is not so clear that it may authorize an assessment for an improvement which, from the nature of the property, cannot benefit it. 2 Dillon, Mun. Corp. §§ 761–768. In this case the important question is, Has the legislature made property situated as this property is subject to special assessment for paving the street *in* which it lies? The answer to this question depends altogether upon what may be the proper interpretation of the statutes which are thought to give the power to make such assessment to the city.

The first consideration is whether these statutes are to have a liberal construction or a strict construction. It is believed to be elementary that every statute which is in derogation of the right of property, or that takes away the estate of the citizen, ought to be construed strictly. It should never be enlarged by an equitable construction. Suth. Stat. Const. § 363; 23 Am. & Eng. Ency. of Law, 383 *et seq.*, and cases cited in notes. The power to make local assessments is a part of the power of taxation. It is a sovereign power. It resides alone in the legislature. It can be delegated, but only by plain and unambiguous words. Statutes delegating such authority will be construed strictly; nothing will be taken by presumption or intendment; and such statutory powers must be strictly pursued. Suth. Stat. Const. § 365, and cases cited in notes 4 and 5; *Curtis v. Brown Co.* 22 Wis. 167; *Potts v. Cooley,* 51 Wis. 353, and cases cited. The affirmative is on the city. It must produce express power in legislative enactment, and show that it has followed strictly every legal requirement. *In re Second Ave. M. E. Church,* 66 N. Y. 395. Any doubt or ambiguity arising out of the terms used by the legislature must be resolved against the power. *Minturn v. Larue,* 23 How. 435. Guided by these principles of interpretation, the stat-

utes which are claimed to be authority for the levy of this assessment are to be tested.

First is sec. 1836, R. S., which requires every corporation which owns or operates a railroad in the street of a city to restore the street to its former condition, so that its usefulness shall not be materially impaired, and "thereafter maintain the same in such condition against any effects in any manner produced by such railroad." It would certainly require a very wild flight of imagination to discover in this statute any plain power to make a local assessment on the railroad corporation to improve the street. The statute, in terms, only requires the corporation to "maintain" the street, not to improve it.

Then there is sec. 1038, R. S. This is in the chapter relating to general taxation. It is no part of the purpose of the chapter to provide for special assessments. The section relates especially to "property exempt from taxation." It provides generally that "the track, right of way," and the other property named, belonging to railroad corporations, shall be exempt from taxation. This is followed by this exception or proviso: "Except that the same shall be subject to special assessment for local improvements in cities and villages." It is as if the legislature had said "the track, right of way," and other property of railroad corporations shall be exempt from taxation, "provided, nothing in this section shall be construed as exempting such property from local assessment for improvements in cities and villages." The proviso in no way changes the force or meaning of the purview. It neither enlarges nor subtracts from it. Such property would have been and remained liable to local assessments if the proviso had been entirely omitted. 2 Dillon, Mun. Corp. § 777. The proviso was added for reasons of caution. It is one office of a proviso to exclude some possible ground of misinterpretation of the act. *Studley v. Oshkosh*, 45 Wis. 380. But if this statute should be held to

be an affirmative statute, enacted with a view to make property of this class subject to local assessments, it is, at most, a mere general declaration that such property shall be subject to local assessments for improvements in cases to be provided by law; for it has no self-executing force. The cases in which it shall be liable must be defined and limited, as well as the manner of the assessment directed, before such property can really be made subject to such assessments. So the real power to make this assessment, if it exists, is to be found in some other exercise of legislative power.

If it exists, it should be found in the charter of the city of Oshkosh. This is ch. 183, Laws of 1883. Subch. 10, sec. 3, gives power to the aldermen to make such improvements as were made in Ceape street, and to "charge the cost and expense thereof to the center of the street or alley to any lot or lots fronting or abutting on such street or alley." These are all the words in the city charter which are claimed to evince the legislative intention to subject the plaintiff's right of way in Ceape street to local assessment for paving the street. This statute, in words, gives power to charge the cost of the improvement only against "lots" which front or abut upon the street improved. Waiving all question of strict or liberal construction, the court must, at least, be able to see in the words used a legislative intention to make the plaintiff's right of way liable to the assessment. Even with the definition stating that the term "lot" may include "a strip of land," it is not easy to see that the term "lot" describes the plaintiff's right of way, with its road-bed and tracks, wholly within the street, and not outside of it, and of indefinite length. Nor is it easy to see that this strip of land, even if it could be termed a "lot," fronts or abuts upon the street; for it is wholly within and a part of the street. The conclusion seems to be irresistible that, by the use of the words it has chosen, the legislature has not

intended to subject the rights of way of railroad companies in the city of Oshkosh to such special assessment. Certainly, it is not clear that the law-making power did so intend.

*By the Court.*— The judgment of the circuit court is affirmed.