No. 1,859.

## TOWN OF SALEM v. HENDERSON.

STREET-IMPROVEMENT ASSESSMENT.—*Property Abutting on Bridge not Improved not Liable for Assessment.*—An abutting property-owner is not assessable, under R. S. 1894, section 4293, providing that the cost of street improvements shall be assessed at a sum fixed by multiplying the average cost per running foot by the number of running feet of each owner abutting on the street improved, for that part of his property which abuts on a bridge in the street, which bridge is not improved.

From the Washington Circuit Court.

*Mitchell & Mitchell*, for appellant.

*D. M. Alspaugh* and *J. C. Lawler*, for appellee.

REINHARD, C. J.—This action was brought by the appellant, against the appellee, to enforce the collection of an assessment for a street improvement. The amended complaint is in one paragraph. The appellee answered in three paragraphs, the first of which was the general denial.

Separate demurrers were filed to the second and third paragraphs and overruled. This ruling is assigned as error.

The substance of the second paragraph of the answer is that the appellee admits the contract between the town and the contractor for the improvement of West Market street in said town; and that he is the owner of lots 13 and 140 in said town, fronting on said street, but he avers that only 134 feet of said lots abut and front on the part of said street improved under the said contract between said town and said contractor; and he further alleges that on the 15th day of October,

1894, and before the same became due, and before the beginning of this suit, he tendered to said appellant, in lawful money of the United States, the sum of $187.44, in full payment of the money due from said appellee on account of the improvement of said West Market street, under the said contract between said town and said contractor, and he brings said sum of $187.44 so tendered into court for appellant's use, and as to the sum of $34.97 claimed by appellant in excess of the above tender, he denies that he owes the same or any part thereof, because the west twenty-five (25) feet of his said lots fronting on said West Market street do not front or abut upon a part of said street improved under the contract mentioned in the amended complaint, but do abut on the bridge over Brock creek. Wherefore he demands judgment for costs.

The statute under which such improvements are made provides that when the improvement has been made complete according to the terms of the contract, the board of trustees shall cause a final estimate to be made of the total cost thereof by the proper engineer, and such board of trustees shall require such engineer to report to them the following facts:

1. The total cost of the improvement.

2. The average cost per running front foot of the whole length of that part of the street so improved.

3. The name of each property-owner on that part of the street so improved.

4. The number of front feet owned by the respective property-owners on that part of the street so improved.

5. The amount of such cost for improvement due upon each lot or parcel of ground bordering on such street, which amount shall be ascertained and fixed by multiplying the average cost-price per running front foot of the several lots or parcels of ground respectively.

6. The full description, together with the owner's name of each lot or parcel of ground bordering on said street so improved.

7. In case of the construction of a sewer a description of the property benefited thereby, etc. R. S. 1894, section 4293.

We think it is plain from the reading of the section cited that it was intended that only that part of the abutting property should be assessed which fronts on the portion of the street actually improved. Statutes authorizing the assessment of property for public improvements are to be strictly construed. The statute cannot be extended or added to in order to make the liability greater than is authorized by the plain letter thereof. Hence, when it requires the engineer to estimate only the cost per running front foot of "that part of the street so improved," etc., it would be enlarging both the letter and the spirit of the statute beyond its original scope to include in such estimate, and consequently in the assessment, property abutting on any part of the street not improved; besides, if we look to the complaint and exhibits therewith filed, which it is proper to do in considering the sufficiency of an answer addressed to it, we find that the engineer's final estimates expressly except from the total length of the improvement, "sixty feet, length of bridge over Brock Creek." If then, the length of the bridge was not included in the total estimate, it would seem to be highly inequitable and unjust that the entire part of the bridge abutting on appellee's property should be included in his assessment. Possibly if the bridge were a portion of the improvement made, there might be some reason for including it in the assessment, but the pleading under consideration does not so aver, but expressly excludes it from that portion of the street which was improved.

If the appellant's construction were to prevail, the town could improve a street in front of a person's property in piecemeal, and compel such person to pay the same, as if the entire street in front of such property had been improved, although, in reality, not more than a small fraction thereof may have been so improved. This is not a case where a property-owner claims a credit or allowance for a portion of the improvement made by himself in front of his property, under R. S. 1894, section 4291. The appellee is not claiming a credit here for work done by himself or any one else, but he is objecting to pay for an improvement which never was made, and of which he received no benefit.

Appellant's counsel concede that the appellee's position would be tenable if the street improved only extended 134 feet in front of his property and then stopped, but they insist that the rule is different when the street improved extends beyond the lots sought to be charged. We confess our inability to perceive the distinction. If the appellant had improved a hundred feet of the street in front of appellee's lots, beginning on the east end and had then left a space of twenty-five feet unimproved, continuing the improvement again at the end of such twenty-five feet, and extending it on to the west, beyond the appellee's lots, the case would be precisely analogous to the one in hand. But in that case, we apprehend, the appellant's counsel would hardly claim a liability on the part of the appellee for the entire improvement. The simple fact that the appellee's lots, Nos. 13 and 140, abut on the street which was in part improved by the proceeding would not render the appellee liable for any more improvement than that actually made in front of his property. We think that the court correctly overruled the demurrer to the second paragraph of the answer.

The third paragraph is also good.  It is an admission of a liability of $187.44, and a denial of the remainder, and avers a tender of the amount due.

These are all the questions arising in the record.

Judgment affirmed.

Filed November 19, 1895.