INDIANAPOLIS AND VINCENNES RAILWAY COMPANY *v.* CAPITOL PAVING AND CONSTRUCTION COMPANY.

[No. 2,920. Filed Oct. 24, 1899. Rehearing denied Feb. 14, 1900.]

MUNICIPAL CORPORATIONS. — *Street Improvements.* — *Indianapolis Charter.*—Under the provisions of the Indianapolis charter, §§3845, 3846 Burns 1894, the city may improve one-half of a street, or a roadway in the center of a street, and assess the costs to the lands and lots on the two sides of the street the length of the improvement. *pp. 115, 116.*

SAME.—*Street Improvements.—Railroads.—Indianapolis Charter.*— A railroad right of way bordering upon a street may be assessed for the improvement of the street under the Indianapolis charter providing that "lands or lots" bordering on the street improved shall be assessed for the cost of the improvement. *pp. 116, 117.*

SAME.—*Street Improvements.—Railroads.—Indianapolis Charter.*— A railroad right of way which does not abut or border upon a street improved, but which lies wholly within the street, cannot be assessed with the cost of the improvement under the provisions of the Indianapolis charter. *pp. 117-121.*

From the Marion Superior Court. *Reversed.*

*S. O. Pickens* and *R. F. Davidson,* for appellant.
*Daniel Wait Howe,* for appellee.

ROBINSON, J.—Appellant's right of way in Kentucky avenue, Indianapolis, between River and Merrill streets, occupies the north half of the avenue. Appellee seeks to collect a street improvement assessment levied on this right of way by the board of public works for improving the south half of the avenue between River and Merrill streets. The question presented is the power of the board of public works to make the assessment against appellant's right of way.

It is first argued that there is no authority in the city charter for assessing the cost of improving one side of a street against any property. The city charter provides th'at if the board of public works shall order the improvement, advertise for bids, and let the contract, the cost of the improvement shall be estimated according to the whole length of the street, or so much thereof improved as is uniform in the extent and kind of the proposed improvement per running foot, and the total cost, exclusive of street and alley intersections, "shall be apportioned upon the lands or lots abutting thereon." That the "lots or lands bordering on" the street shall be assessed and liable to the payment of such assessment primarily, and if not sufficient, then lots or land shall be liable back a named distance from the front line. §§3845, 3846 Burns 1894.

A municipal corporation derives its right to impose local taxation from the State, and express legislative permission is necessary when the right is exercised. A person against whom a local assessment is levied may successfully insist that the statute conferring this right be strictly construed in his favor. The city can act only by virtue of the naked statutory power conferred upon it, and can exercise this power with reference to no property other than the statute authorizes. *Niklaus* v. *Conkling,* 118 Ind. 289; *Barber,*

*etc., Co.* v. *Edgerton,* 125 Ind. 455; Elliott on Railroads, §782; *Town of Salem* v. *Henderson,* 13 Ind. App. 563.

We see nothing to prevent the city from improving one-half a street, or a roadway in the center of a street. The part improved must be uniform in the extent and kind of the proposed improvement per running foot. The lands and lots which are to bear the cost of the improvement must abut or border upon that part of the street having the improvement, and not necessarily on the improvement itself. The question to be determined is whether the improvement is of such a character that it should be regarded as an improvement of the street at that particular place. We think the charter means that a part in width of the street may be improved, and whether this improved part lies on one side of the center line, or in the center of the street, the lands and lots on the two sides of the street for the length of the improvement shall bear the cost. *City of Muscatine* v. *Chicago, etc., R. Co.,* 88 Iowa 291, 55 N. W. 100; *Morrison* v. *Hershire,* 32 Iowa 271.

It is further argued that the assessment is void because appellant's right of way is not "lands or lots" within the meaning of the charter. A railroad company has an easement in grounds occupied by its tracks. An easement is an incorporeal right created by grant, and always carries with it an interest in the land in or over which it is to be enjoyed. 2 Minor's Insts. 20 *et seq.* In some jurisdictions it is held that a street assessment cannot be enforced against a railroad's abutting right of way because it is not land, and because public policy forbids the severance of the several parts essential to the use and operation of the road. See *Chicago, etc., R. Co.* v. *City of Milwaukee,* 89 Wis. 506, 62 N. W. 417, 28 L. R. A. 249. But it has been held in this State that the right of way of a railway company abutting upon or bordering on a street may be assessed for the improvement of the street. *Peru, etc., R. Co.* v. *Hanna,* 68 Ind. 562, and cases there cited. *Pittsburgh,*

*etc., R. Co.* v. *Hays,* 17 Ind. App. 261.   See also, *State* v. *City of Passaic,* 54 N. J. L. 340, 23 Atl. 945.

And it has been held that benefits might be assessed against a railroad's right of way in a drainage proceeding, and the amount collected by a personal judgment, although the statute made the assessment a lien upon the property assessed, and provided that no other property than the lands so assessed should be sold to satisfy such judgment. *Louisville, etc., R. Co.* v. *State,* 122 Ind. 443; *Louisville, etc., R. Co.* v. *State,* 8 Ind. App. 377.   See also, *Lake Erie, etc., R. Co.* v. *Bowker,* 9 Ind. App. 428; *Louisville, etc., R. Co.* v. *Boney,* 117 Ind. 501, 3 L. R. A. 435; *Pittsburgh, etc., R. Co.* v. *Hays, supra.*   However sound the reasoning in the cases cited by appellant's counsel, it is no longer an open question in this State that a railroad company must bear its portion of a street improvement assessment where its right of way abuts or borders on the street.

But it is earnestly argued that the board of public works had no authority to assess appellant's right of way, which does not abut or border upon the street improved, but which lies wholly within the street.   It is evident two easements exist,—the right of the public in the street, and the right of the railroad company to construct its track upon the street. It can not be said, however, that the company occupies the street merely by license from the city.   When a company lays its tracks in the street, it imposes a new burden upon the land beyond the easement the city had, and this new interest can be created only by contract with the owners of the fee, or under the right of eminent domain.   So it must be concluded that the easement held by the company is an interest in the land over which its tracks run, and that it is property which must be acquired by purchase and payment of the consideration like any other property.

But conceding that appellant's right of way is "land," within the meaning of the charter, the question remains whether the right of way lying wholly within Kentucky

avenue is within the designation of land abutting or border-
ing on the same avenue.   We think the statement of the
question furnishes its own solution.   The city can assess only
such lands as its charter designates; and as the charter has
designated lots or lands abutting or bordering on the street,
none other can be assessed.   We are not authorized to give
the words used in the statute other than their well defined
and commonly accepted meaning.

Conceding, without deciding or assuming, that the com-
pany's right of way is benefited by the improvement, the
question is still unsolved, because the basis of the assess-
ment is not property that will be benefited, but property that
abuts or borders on the street.   In authorizing the con-
struction of such improvements, the legislature has assumed
that they will benefit that property which abuts or borders
on the part of the street improved.   The right to impose
such a tax is based upon a presumed equivalent.   It has
not been assumed that any property other than that desig-
nated will be benefited.   What property the local officers
may believe will be benefited is not the question.   If a
property owner is an abutting owner, he must bear his
share of the burden, because the legislature has so directed.
Whether the benefits assessed to abutting property may be
limited to actual benefits, upon proof before the local
authority, is a question we need not and do not decide.

In statutes regulating drainage proceedings, lands bene-
fited by the drain must bear the burden, and not lands
having a particular location.   In such cases, the local author-
ity designates the property to be assessed; while in cases
like that at bar the legislature has designated it, and beyond
such property so designated the local authority can not go.

Counsel for appellee has cited a number of cases to the
effect that a railroad right of way in a street may be assessed
for a street improvement, but an examination of these cases
will show that the basis of the assessment was different from
that in the case at bar.

In the appeal of the *North Beach R. Co.*, 32 Cal. 499, a street railroad having its tracks in the street was assessed benefits for widening and improving the street; but the statute there in question made the *benefits* received the only basis upon which the assessment for expenses was to rest and be apportioned, the statute providing that the expenses of the improvement should be "defrayed by assessment on the owners and occupants of houses and lands, corporations and companies that may be benefited thereby."

In *Northern Indiana R. Co.* v. *Connelly*, 10 Ohio St. 159, it is held that a railroad right of way crossing a street at right angles came within the designation "lots and lands" abutting the street.   But from the opinion it is evident that the court was not speaking of that part of the right of way lying within the street, but of that part abutting the street.

In *City of New Haven* v. *Fair Haven, etc., R. Co.*, 38 Conn. 422, 9 Am. Rep. 399, a street railroad was held liable to assessment for expense of paving the street in which it ran, under a charter providing that the expense should be assessed "upon the persons whose property is especially benefited."

In *State* v. *City of Passaic*, 54 N. J. L. 340, 23 Atl. 945, the road-bed of a railway in a street was assessed for a sewer in the street, but the basis of the assessment was the benefit received.

In *City of Chicago* v. *Baer*, 41 Ill. 306, a street railroad in the street was said to be liable for a part of the expense in improving the street, because it was required that the assessment should be laid upon all property substantially and directly benefited.   Upon the same basis rested the assessments in *Parmalee* v. *City of Chicago*, 60 Ill. 267, and *Chicago City R. Co.* v. *City of Chicago*, 90 Ill. 573.

In *Kuehner* v. *City of Freeport*, 143 Ill. 92, 32 N. E. 372, 17 L. R. A. 774, it was held that a railway in a public street is contiguous to a proposed street improvement, but the assessment was made upon the railway "to the extent

that such property, franchise, and right of occupancy will be specially benefited" by the improvement. To the same effect is the case of *Cicero, etc., St. R. Co.* v. *City of Chicago*, 176 Ill. 501, 52 N. E. 866, where the above Illinois cases were reviewed; also *City of Chicago* v. *Cummings*, 144 Ill. 446, 33 N. E. 34, and *Rich* v. *City of Chicago*, 152 Ill. 18, 38 N. E. 255.

The distinction is drawn in Illinois between assessments upon property specially benefited and upon property particularly located. And while the courts there hold that an assessment to be laid upon property benefited may be laid upon a railway track in the street, they also declare a different rule where the assessment is to be laid on property particularly located. Thus in *South Park Commrs.* v. *Chicago, etc., R. Co.*, 107 Ill. 105, it is held that a railroad right of way in an avenue can not be assessed as "contiguous property abutting" on the avenue, because the right of way is not property within the meaning of that term; but it is also held: "If the interests or rights assessed can be said to have any corporeal or physical existence, so that they could, with any propriety of language, be said to be contiguous to or abutting upon anything, they must be represented by the avenue itself, and, as is well said by the appellate court, it would be a legal solecism to say the avenue was contiguous to and abutted on itself."

It has also been held in New York that under a provision in a charter that no part of the expense of grading or paving a street should be assessed upon any lands not "bordering on or touching" the street, a street railroad in the street could not be assessed. *O'Reilley* v. *City of Kingston*, 114 N. Y. 439, 21 N. E. 1004.

In *Oshkosh City R. Co.* v. *Winnebago County*, 89 Wis. 435, 61 N. W. 1107, it is held that a railroad right of way in a street can not come within the term "lot"; and it is further held that, even if it could be termed a lot, it does not come within the provision of a city charter providing that the

expense of a street improvement shall be charged to "any lot or lots fronting or abutting on" such street.

In the case at bar appellant's right of way is wholly within and a part of the street. As such it can not abut or border on the street. As this is the only basis upon which such assessments rest, the assessment of any property other than that so designated is unauthorized.

Judgment reversed.