## ASSESSMENTS FOR STREET PAVING AND SIDEWALKS ON BRIDGE APPROACHES.

Common Pleas Court of Shelby County.

MARTHA SLUSSER v. THE CITY OF SIDNEY.*

Decided, April Term, 1910.

*Assessments for Streets and Sidewalks—Where Upon the Approach to a Bridge Built by County Commissioners—No Statutory Authority for Assessing the Cost Against the County—Paving Differentiated from the Grade Supporting it—Section 7444.*

Injunction will not lie to restrain the collection of assessments from an abutting owner for a sidewalk and the paving of the street constituting the approach to a bridge constructed by county commissioners within a municipality, notwithstanding the approach is at such a grade as to render access thereto impracticable from the property which it is proposed to assess.

P. R. Taylor, for plaintiff.
D. F. Mills, City Solicitor, contra.

MATHERS, J.

Decision on demurrer.

There are two cases pending under the above title, the petition in the first being filed October 29th, 1909, and in the other one May 9th, 1910.   The plaintiff, in the first one, seeks an injunction against the city, its officers and agents from proceeding to collect and enforce a certain assessment for a sidewalk along her premises on West avenue; and in the second case seeks similar relief against an assessment for paving the street at said point. The defendant demurred to the petition and the cases are now for disposition upon that demurrer.

The gist of the complaint is that the street where the sidewalk has been ordered to be constructed and where the paving has been done is an approach to a bridge which the county commissers are required to erect and maintain.   It is averred in the pe-

*Affirmed by Circuit Court April 19, 1911.

titions that this paving, done and to be done, is on the approach to this bridge, which approach commences at the north line of Poplar street, which intersects West avenue at right angles, and abuts the plaintiff's premises on the south, and arises thence immediately to a height of seven and one-half feet at the north end of the approach where it goes on to the bridge. It does not appear from the petitions whether the street paving is assessed by the foot front or by the taxable value or accordng to benefits. It appears from the petition that the premises upon which this assessment is threatened to be levied abuts upon the approach to the bridge. Without referring to the sections of the statute which govern the subject-matter of bridges in municipalities, it may be said that it appears that it is the duty of the county commissioners to build and maintain the bridge mentioned in the petition, and also its approach, for the reason that the municipality, while it has the right to receive, yet does not receive its proportion of the bridge fund. It has been held in several cases that an approach to a bridge is a part of the bridge, or at any rate is so much a part of it that it must be built and maintained by the person, corporation or authority which is charged with the duty of building or maintaining the bridge. That was the rule at common law, and by an act of Parliament during the reign I think of Henry the Eighth, the length of the approach was fixed at three hundred feet. The case in 88 Mass., 449, which goes into the question pretty thoroughly, as well as the learned opinion of the trial judge in the case cited by counsel for the plaintiff in 24 Atlantic, 700, as well as 2 Am. & Eng. Enc. of Law, 557, all clearly show that the approach to a bridge at common law, and under most statutes, is practically considered part of the bridge. So there can be no doubt that it is the duty of the commissioners not only to build this bridge, but to build the approach to it. An approach may be said to be that structure which will afford a reasonable use of the bridge to persons, in the lawful use of the highway, having occasion to cross it.

The questions here presented are: first, whether or not the plaintiff can be assessed for the construction of the sidewalk; secondly, whether or not she can be assessed for the paving that

has been laid upon the approach to this bridge. The questions are not without difficulty; and there seems to be but little precedent to enlighten the court. The statute in relation to special assessments seems to contemplate full power on the part of the council to levy and collect special assessments for street improvement upon property which is either abutting, adjacent or contiguous, or specially benefitted; and the methods pointed out by law are, by a percentage of the tax value of the property assessed, or in proportion to the benefits which may result from the improvement, or by the foot frontage of the property bounding and abutting upon the improvement.

As was before observed, there is no doubt that this property abuts upon this improvement, yet speaking of precedent it was held in the case of *Town of Salem* v. *Henderson,* 41 N. E., 1062, that under the Revised Statutes of Indiana, 1894, Section 4293, requiring the engineer to report the average cost per running front foot of the whole length of that part of a street which had been improved, etc., land abutting on a bridge connecting the portions of the street so improved is not liable for any part of the assessment, particularly as the engineer excepted from his estimate the length of the bridge, which was not improved. But the council of a municipality are required to keep the streets of the municipality in repair and free from nuisance. Their duty is a continuing one and one which they can not escape even where some other authority is ultimately liable for the repair of the street. That point was clearly decided in *Mooney* v. *Village of St. Marys,* 15 C. C., 440, where the east end of a bridge across a canal was burned out and the sidewalk so destroyed that a person, who was lawfully using the highway, in walking upon the sidewalk one dark night, fell through and was killed; and the city was held responsible in damages, notwithstanding it had no right to the bridge fund and did not receive any part of it and that the county had to make repairs. Just the status of an approach to a bridge in a municipality, in view of our statutes, however, is the puzzling question here.

Section 7444, General Code, provides that the county commissioners shall keep in repair the portions of such roads within

their respective counties, as are included within corporate limits of a city or village in such counties, to points therein where the sidewalks have been curbed and guttered, and no further. In the case of *Wabash Railroad Company* v. *City of Defiance,* 10 C. C., page 27, it was held that "where a part of a county road comes by the annexation of contiguous territory within the limits of a municipal corporation, it is subject to the control and supervision of the municipal authorities, and may be improved as other streets of the municipality." In that case the court holds that a bridge over a railway is a part of the road. But in the 12 C. D., in the case of *Dayton* v. *Harmon,* pages 575 and 576, the circuit court observed, *obiter,* however, that a bridge is no part of the street; so that if the dictum in *Wabash* v. *Defiance* is to control, and the bridge considered part of the street and the approach part of the bridge—an appurtenance to it—the conclusion that the court might reach would be one thing. But if the decision in *Dayton* v. *Harmon* is to control and the bridge held to be no part of the street, and the approach an appurtenance to the bridge and practically a part of it, then neither the approach nor the bridge is a part of the street and the court ought to reach another conclusion.

There are not the practical difficulties in the way of a decision against the city, as was urged by its counsel, because if the plaintiff is not to be assessed for this paving, and it is necessarily a part of the improvement, the cost of that part of it ought to be distributed among the rest of the assessable property or paid for by the city out of the general revenue or some other appropriate fund, for there is no statutory authority for assessing the cost upon the county, and neither the approach nor the bridge is *property* within the meaning of the statute which authorizes assessments against property for street improvements. But even if the court were to disregard the *obiter dictum*—and that is all it is in *Dayton* v. *Harmon, ante*—and to regard the conclusion of the court in *Wabash R. R. Co.* v. *City of Defiance, ante,* which was really a part of the case, yet the case at bar is to be distinguished by reason of the fact that in the Wabash case the bridges were built by a railroad company for their convenience, or, at

any rate, to separate the grades of the road and the railroad, whereas in this case, whether the bridge is a part of the highway or not, the statute makes it the duty of the commissioners to build and maintain it, and also its approach.

So that, even if the bridge were for all practical purposes to be considered a part of the highway and come within the purview of Section 7444, General Code, requiring the county commissioners to keep in repair the portions of such roads within their respective counties which are included within the corporate limits of the city to points only where sidewalks have been curbed and guttered, yet effect ought to be given to the statute which requires them, even if curbs and gutters have been constructed up to or past the point of this bridge, to erect and maintain the bridge and its approaches.

That the plaintiff in this case could not be assessed for the construction of this approach proper there can be no doubt, that is to say, for the construction of an approach so as to make the bridge reasonably accessible. Whether she has a right of action for damages against the city and commissioners for changing the grade of this street the court does not say now because that question is not before it. The north end of the proposed assessable improvement is seven and one-half feet above the level of the lot and access from the street to the lot is practically destroyed. This being so she would be deprived thereby of what could be held to be a property right. If she has been injured in this respect, she of course has a remedy, unless she has slept upon her rights, and upon that question the court expresses no opinion for there is nothing in that behalf before the court. That the city has the right to pave an approach to a county bridge or require it to be paved in order to conform to a general improvement of which it is a part, I do not think there can be any doubt. Especially is this true if the first syllabus in *Wabash Railroad Company* v. *City of Defiance* is the law—and that case was affirmed by the Supreme Court. The syllabus reads:

"A county road within the municipal limits is subject to the control and supervision of the municipal authorities and may be improved as other streets of the municipality."

If that be the law, then I fail to see anything to prevent the operation of the statute authorizing the assessment for an improvement of this street upon the abutting property.

The municipal authorities, as was before observed, are chargeable with the care, supervision and control of the streets and are amenable to the law for a failure to keep them in a reasonably safe condition for public use, in event any person is injured by reason of their negligence in this particular. And while it is the duty of the commissioners to build the earth-work of the approach so that it is practicable to get up on the bridge, yet, so far as the character of the surface of the bridge and its approaches is concerned, which lie wholly within the limits of the municipality, that appears to be within the province of the municipal authorities to determine, and having the right so to determine, to assess the cost of making it upon the abutting property. There are no exceptions in the statute, and if property abut upon an approach to a bridge, the approach having been built there by the county commissioners, but not paved, and the street be ordered to be improved by the proper municipal authorities, I fail to see how the operation of the statutes can be prevented which authorizes the assessment of the cost of that paving upon the abutting property. And that might be true even of the pavement on a bridge proper, if it were possible to have a bridge which abutted on any property; but I can hardly conceive that a bridge which the commissioners would be required to build and maintain over a canal could abut upon any property, although the approach of course, might. While the sections relating to the building and repair of an approach to a bridge were probably not intended to cover approaches to bridges within the municipal limits so much as those outside—out in the country—when it comes to the working out of such a problem as is presented by the case here made, I think that the courts will have to distinguish between the bridge proper and its approach so far as a street is concerned and the paving of streets is concerned. For paving is to be differentiated I think from the street as a highway and the subgrade of the approach underneath the paving. I do not see how any other reasonable con-

clusion can be reached in such a question as this unless that is done.

Clearly, to the mind of the court, the injunction ought to be dissolved as to the sidewalk, because the approach to a bridge may be made, and thus the law complied with, without any sidewalk at all. A pedestrian has as good a right to walk up the middle of the road as a person has a right to drive a team upon it, and probably the law might be said to be complied with if the commissioners constructed the approach to a roadway proper without intertaking to build any sidewalk approach. But the conclusion of the court is that the duty of maintaining streets in a reasonably safe condition, so far as the surface is concerned, being upon the council, they have a right to pave approaches to bridges, and there being no question made anywhere but that paving of streets is a benefit to the abutting property, the Legislature may have intended to permit the assessment for the paving of approaches to bridges to be levied upon the abutting or adjoining property. For aught that appears this assessment may have been made according to benefits. That may be done even though the property do not abut upon the street at all. So that I think that the petition does not state a cause of action in either case and the injunction will be dissolved.