# MARION, BLUFFTON AND EASTERN TRACTION COMPANY *v.* SIMMONS.

[No. 21,937. Filed June 18, 1913. Rehearing denied October 16, 1913.]

1. STATUTES.—*Subjects and Title.—Constitutional Provisions.* —Under Art. 4, §19, of the State Constitution, providing that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title", it is not necessary that details be set out in the title of an act, and where the title covers a general subject matters germane thereto may be included in the act although not specifically mentioned in such title. p. 290.

2. STATUTES.—*Subjects and Title.—Constitutional Provisions.*— The purpose of the Cities and Towns Act of 1905 (Acts 1905 p. 219, §8639 *et seq.* Burns 1908), was to codify and reenact the statute law relating to cities and towns, and the purpose being general, the title of necessity was also general, and since the subject-matter of §122 of the act (§8729 Burns 1908) which authorizes cities under certain conditions to construct or change levees, watercourses, drains and sewers, is germane to the gereral purpose of the act, such section is not unconstitutional on the ground that its subject-matter is not sufficiently expressed in the title. p. 291.

3. MUNICIPAL CORPORATIONS.—*Functions.*—One of the prime functions of a municipality is to protect and preserve the lives and property of its inhabitants. p. 291.

4. MUNICIPAL CORPORATIONS.—*Public Improvements.—Levees.—Assessments.—"Property."—*"Property" as used in §8729 Burns 1908,

Acts 1905 p. 219, §122, authorizing cities under certain conditions to construct or change levees, watercourses, drains and sewers, and providing for the making of assessments against property benefited by such work, means real property as distinguished from personal property. p. 291.

5. MUNICIPAL CORPORATIONS. — *Public Improvements. — Levees. — Railroad Right of Way.—"Property."*—A railroad right of way is "property" within the meaning of §8729 Burns 1908, Acts 1905 p. 219, §122, authorizing cities under certain conditions to construct or change levees, watercourses, drains and sewers, and providing for the making of assessments against property benefited by such work, and is subject to assessment thereunder. p. 292.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Oren J. Simmons against the Marion, Bluffton and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Abram Simmons* and *Frank C. Dailey,* for appellant.

*J. F. Charles,* for appellee.

SPENCER, C. J.—Action by appellee to collect an assessment claimed to be due from appellant on account of the construction of a certain levee in Grant County, and to foreclose a lien.

The proceedings were had under §8729 Burns 1908, Acts 1905 p. 219, §122, and appellant's first contention is that this statute is void for the reason that the subject thereof is not expressed in the title of the act of which it is a part. The statute authorizes the board of public works of any city of the first, second, third or fourth class to make provision, under certain conditions, for the construction or change of levees, watercourses, drains and sewers, and was enacted as §122 of the cities and towns act of 1905 (Acts 1905 p. 219) under the title of "An Act concerning municipal corporations".

Article 4, §19, of our State Constitution provides that "Every act shall embrace but one subject and matters

1. properly connected therewith, which subject shall be expressed in the title." But if the title covers a

general subject, matters germane to such subject may be included in the act although not specifically mentioned in the title. Nor is it necessary that details be set out in such title. *Knight & Jillson Co.* v. *Miller* (1909), 172 Ind. 27, 87 N. E. 823, 18 Ann. Cas. 1146; *Swartz* v. *Board, etc.* (1902), 158 Ind. 141, 63 N. E. 31; *State* v. *Bailey* (1901), 157 Ind. 324, 61 N. E. 730, 59 L. R. A. 435; *Maule Coal Co.* v. *Partenheimer* (1900), 155 Ind. 100, 55 N. E. 751, 57 N. E. 710; *Pittsburgh, etc., R. Co.* v. *Montgomery* (1898), 152 Ind. 1, 49 N. E. 582, 69 L. R. A. 875, 71 Am. St. 300.

It was the purpose of the act of 1905 to codify and reënact the statute law of this State as it applied to the organization of cities and towns and prescribed the powers and duties of their officers and boards. Its purpose was general and, of necessity, its title was also general. The particular provisions of its many sections could not well be even suggested in more specific language, and in determining whether any given section is within the scope of the title used, it is only necessary to decide whether the subject-matter of such section is germane to the purpose for which the act was passed. One of the prime functions of a municipality is to protect and preserve the lives and property of its inhabitants. To do this, it is often necessary to make provision against the inflow of water from streams in times of flood; to remove excess water from lands by means of drains, and to guard against the spread of disease by the construction of proper sanitary systems. The statute here in question authorizes such provisions and its subject-matter is germane to the general purpose of the act of which it is a part. It is, therefore, not unconstitutional for any defect in the title of such act.

Appellant's second proposition is that, if the statute is constitutional, it does not warrant a recovery against appellant in this action for the reason that no assessment against an interurban right of way is therein

provided for.   The statute authorizes the board of public works to make assessments against such "lands or property" as are situated within the boundaries of the district affected by the proposed improvement and which will be benefited by such improvement.   Of course, there can be no doubt that the word "property" as there used means real property as distinguished from personal property.   The question then is, Does an interurban right of way fall within the

5.   meaning of the phrase "lands or property"?   As was said in *Keener* v. *Union Pacific R. Co.* (1887), 31 Fed. 126, 128, "the term 'right of way' has a twofold significance.   It sometimes is used to mean the mere intangible right to cross; a right of crossing; a right of way.   It is often used to indicate otherwise that strip which the railroad company appropriates for its use, and upon which it builds its roadbed."   Obviously, the term as here used has the latter significance.   Appellant's right of way over the lands described in the pleadings is absolute and permanent and might be made the subject of grant; it is an interest in the real estate over which it passes, and is such a right as, in some cases, has been held to fall within the term "land."   *Indianapolis, etc., R. Co.* v. *Capitol Pav., etc., Co.* (1900), 24 Ind. App. 114, 116, 54 N. E. 1076; *Rich* v. *City of Chicago* (1894), 152 Ill. 18, 38 N. E. 255; *Appeal of North Beach, etc., R. Co.* (1867), 32 Cal. 499, 506; *Los Angeles, etc., Co.* v. *Hubbard* (1911), 17 Cal. App. 646, 650, 121 Pac. 306.

In any event, it is "property" within the meaning of the statute in question and is subject to assessment thereunder.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 132.   See, also, under (1) 36 Cyc. 1028; (2) 36 Cyc. 1017, 1028; (3) 28 Cyc. 266, 692; (4) 28 Cyc. 1115; (5) 28 Cyc. 1115, 1118.   As to sufficiency of title to statute to comply with constitutional requirements, see 64 Am. St. 70; 79 Am. St. 456; 86 Am. St. 267.   As to the construction of constitutional provisions relative to titles of statutes, see 1 Ann. Cas. 584.