Haynes Automobile Co. *v.* City of Kokomo—186 Ind. 9.

---

HAYNES AUTOMOBILE COMPANY ET AL. *v.* CITY OF KOKOMO.

[No. 22,708. Filed January 4, 1917.]

1.  STATUTES.—*Construction.—Intent of Legislature.—Aids.—*In construing a statute, the court will seek to discover and carry out the legislative intent, and in searching for it the court will look to every- part of the statute under consideration, to the circumstances under which it was enacted, to the old law, if any, on the subject, to other statutes upon the same subject or relative subjects, whether in force or repealed, to contemporaneous legislative history and to the evils and mischiefs to be remedied.  p. 13.

2.  STATUTES.—*Construction.—Statutory Proceedings.—Rules of Practice.—Civil Code.—*Where a proceeding is a special statutory one, and the statute does not provide any method of procedure to be followed, the general rules of practice in civil actions are applicable.  p. 13.

3.  MUNICIPAL CORPORATIONS.—*Improvements.—Drains.—Reference of Appeals to Reviewers.—Statute.—*In a proceeding by a city to improve an open drain under §8729 Burns 1914, Acts 1909 p. 238, providing for the appointment by the circuit court of a board of assessors to make an assessment roll showing the benefits to lands affected and a roll awarding damages to lands injured by the proposed improvement, and that appeals from such board's assessment may be made to the circuit court within fifteen days from the time such assessment rolls are filed to be conducted as other appeals, the circuit court committed error in sustaining the city's motion to refer the appeals to three disinterested reviewers and in overruling appellant's various motions to submit the appeals to the court for hearing and to strike out the report of the reviewers.  p. 13.

4.  MUNICIPAL CORPORATIONS.—*Public Improvements.—Drains.—*

*Assessments.—Statute.—"Property."*—"Property" as used in §8729 Burns 1914, Acts 1909 p. 238, authorizing cities under certain conditions to construct or change any watercourse, drain and sewer, and providing for the payment for the improvement by making assessments against property benefited, means real property as distinguished from personal property.    p. 13.

5.   MUNICIPAL CORPORATIONS.—*Public Improvements.—Drain.— Property Assessable.—Interurban Railroad's Right of Way.— Statute.*—A company owning and operating an interurban railroad in the streets of a city does not hold any easement or interest in the land upon which the tracks are located, the permission of the city giving the right to use the streets being a part of the public easement, so that the city, and not the railroad company, is assessable for the benefits accruing to the public easement in the street from the improvement of an open drain under §8729 Burns 1914, Acts 1909 p. 238, there being no showing that the railroad's franchise provided that it should pay any portion of the benefits to the public easement or that the railroad company's right of way was a private one. (*Marion, etc., Traction Co.* v. *Simmons* [1913], 180 Ind. 289, distinguished.)    pp. 13, 15.

6.   MUNICIPAL CORPORATIONS.—*Public Improvements.—Streets.— Property Assessable. — Railroad's Right of Way.* — A railroad company's right of way abutting upon a street is subject to assessments for the improvement of such street.    p. 14.

7.   RAILROADS.—*Interurban.—Use of Streets.—Additional Burden. —Eminent Domain.*—The use of a street by an interurban railroad does not constitute an additional burden or servitude upon the lands of frontagers.    p. 14.

From Howard Circuit Court; *William C. Purdum,* Judge.

Drainage proceeding by the city of Kokomo, in which the Haynes Automobile Company and others appealed to the circuit court. From the judgment rendered, the Haynes Automobile Company and others appeal. *Reversed.*

*J. A. VanOsdol* and *Blacklidge, Wolf & Barnes,* for appellants.

*Joseph C. Herron,* for appellee.

ERWIN, J.—This proceeding was to improve an open drain, known as "Petes Run" flowing through the south-

ern portion of the city of Kokomo, Indiana, by constructing a sewer, extending beyond the city corporation limits, under the provisions of §8729 Burns 1914, Acts 1909 p. 238. Within fifteen days after the filing of the assessment roll the three appellants, Haynes Automobile Company, Union Traction Company of Indiana, and Traction Land Company, each filed their written appeal to the Howard Circuit Court and moved that the appeals be submitted to and determined by the court and that they, as remonstrators, be permitted to introduce evidence in support of their appeals. The Union Traction Company of Indiana moved to strike from the assessment roll and to declare void the assessment against its right of way within the city of Kokomo under franchise given it by the city. The court overruled the above motions and submitted the appeals to three reviewers to view and assess the property. The reviewers returned a report that the former assessments were not excessive, whereupon the appellants moved the court to strike out the report of the reviewers for the reason that the court was not authorized to submit its appeals to the reviewers. These motions· were overruled. Appellants again moved that their appeals be submitted to the court and that they be permitted to introduce evidence in support thereof, which motions were likewise overruled.

Appellants assign as error the sustaining of appellee's motion to submit the appeals and remonstrances of appellants to three· disinterested reviewers; and in overruling their various motions to submit the appeals to the court and their motions to strike out the report of the reviewers. Appellant Union Traction Company also assigns the additional error of overruling its motion to strike out of the assessment roll the assessment against its franchise right of way within the city.

The first four errors assigned present for consideration the question, Did the court err in referring the appeals to reviewers instead of considering the same and hearing evidence thereon?

Section 122 of the act of 1905 (Acts 1905 p. 310, §8729 Burns 1908) and §8729 Burns 1914, Acts 1909 p. 238, both provide for the appointment by the circuit court of a board of assessors to view the line of the drain, the lands to be benefited and those damaged, and make an assessment roll showing the benefits to all the lands and property and a roll showing the damages to the lands injuriously affected, if any. Section 8729, *supra,* further provides: "That appeals from such assessments may be made to the circuit court within fifteen days from the time such assessment rolls are filed, to be conducted as other appeals."

It was the evident intention of the legislature that the report of the assessors should be filed in the circuit court, and that the circuit court should have power to review the assessment by the trial of the issues joined on the assessments; and the phrase "to be conducted as other appeals" meant that the court should try the issue as to the assessments as other appeals are tried— that is, to hear evidence independent of the report of the assessors. This is further evident from the provision in said section "that the judge shall have the power to call the said assessors together, who shall be authorized and empowered to make any such additions or corrections as may be necessary from time to time." This construction would give effect to all portions of the statute under consideration, and it carries out the evident intent of the legislature. This section makes no provision for the appointment of reviewers, but does provide that the assessors shall be subject at all times to the direction of the court.

In construing a statute, the court will seek to dis-

cover and carry out the intention of the legislature in its enactment. In the search for that intention

1. the court will look to each and every part of the statute, to the circumstances under which it was enacted, to the old law upon the subject, if any, to other statutes upon the same subject or relative subjects, whether in force or repealed, to contemporaneous legislative history and to the evils and mischiefs to be remedied. *Hughes* v. *Indiana Union Traction Co.* (1914), 57 Ind. App. 202, 105 N. E. 537; *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943, 92 N. E. 161.

Appellee contends that the statute does not provide any method of procedure to be followed by the trial court. Where the proceeding is a special statu-

2. tory one, the general rules of practice in civil actions are applicable when the statute is silent. *Thorn* v. *Silver, supra.* Under the above construction of the statute the court committed error in sustaining appellee's motion to refer the appeals to

3. three disinterested reviewers and in overruling appellants' various motions to submit the appeals to the court for hearing and to strike out the report of the reviewers.

Appellant Union Traction Company of Indiana contends under its fifth assignment of error, that the tracks of a street and interurban railroad lying wholly

4. within a city street are not "property" within the meaning of §8729, *supra.* There can be no doubt that the word "property" as there used means real property as distinguished from personal property. *Marion, etc., Traction Co.* v. *Simmons* (1913), 180 Ind. 289, 292, 102 N. E. 132.

Appellee cites the case of *Marion, etc., Traction Co.* v. *Simmons, supra,* and contends that the right of

5. way in this case is property within the meaning of §8729, *supra.* The opinion in that case does

not clearly show, but the record discloses, that the right of way under consideration was a private interest in the land, which the company, as the court said, might make the subject of a grant. Therefore that case is not on a par with this one, for here the right of way is shown to be a mere grant of a right to use a public street. It has been held that a private right of way of a railroad company may be regarded as a parcel of land for the purpose of drainage assessments, because the company owned an interest in the soil amounting, at least, to an easement. *Louisville, etc., R. Co.* v. *State, etc.* (1890), 122 Ind. 443, 24 N. E. 350.

A railroad company's right of way abutting upon a street is subject to assessments for the improvement of such street. *Pittsburgh, etc., R. Co.* v. *Taber* 6.  (1906), 168 Ind. 419, 77 N. E. 741, 11 Ann. Cas. 808.  In *Indianapolis, etc., R. Co.* v. *Capitol Paving, etc., Co.* (1899), 24 Ind. App. 114, 117, 54 N. E. 1076, 1078, it is said: "When a company lays its tracks in the street, it imposes a new burden upon the land beyond the easement the city had, and this new interest can be created only by contract with the owners of the fee, or under the right of eminent domain." The court was there considering a street improvement and intimated that an assessment for drainage might be enforced against the railroad company. This, however, is on the theory that the right of way is land by reason of being an additional burden upon the lands occupied by the street.

This court has held, however, that the use of a street by an interurban railroad does not constitute an additional burden or servitude upon the lands of 7.  frontagers. *Pittsburgh, etc., R. Co.* v. *Muncie, etc., Traction Co.* (1909), 174 Ind. 167, 176, 91 N. E. 600, and cases cited. If there is no additional burden, the construction and operation of an interurban

street railroad upon a street is not different in character or extent from that contemplated at the time of the dedication or condemnation of the street. It must follow, therefore, that such companies owning and operating such railways in the streets do not hold any easement or interest in the land upon which the tracks are located. The permission of the city giving the company a right to use the street is a part of the public easement and the city is assessable for the benefits accruing to the public easement in the street. There is here no showing that the franchise of the appellant provided that it should pay any portion of the benefits to this easement or that the right of way assessed was a private right of way such as was considered in the case of *Marion, etc., Traction Co.* v. *Simmons, supra.* We are therefore of the opinion that the court erred in overruling the appellant's motion to strike out the assessment against its right of way over the streets of appellee.

For error in sustaining appellee's motion to submit the appeal to three disinterested reassessors and in overruling appellants' motions to submit the appeal to the court for trial upon the issues, the judgment is reversed, with instructions to overrule appellee's motion to submit the appeal to reappraisers and to sustain appellants' motions to strike out the report of the reassessors, and to sustain the motions submitting the appeals to the court for trial and determination.

NOTE.—Reported in 114 N. E. 758. Statutes: (a) expired or repealed, in *pari materia* as aid in construction, Ann. Cas. 1915 B 625; (b) contemporaneous, in *pari materia*, construction, 18 Ann. Cas. 424, Ann. Cas. 1915 A 186; (c) opinions and motives of legislators as an aid in construction, 19 Ann. Cas. 1031, 12 Am. St. 827. See also under (1) 36 Cyc 1106, 1110, 1128, 1138, 1146. Liability of railroad right of way to assessments for local improvements, 28 L. R. A. 249; 12 L. R. A. (N. S.) 112; 40 L. R. A. (N. S.) 935; L. R. A. 1915 A 129; 2 Ann. Cas. 587; 12 Ann. Cas. 635; Ann. Cas. 1916 E 579.