Haynes Automobile Co. v. Michael, etc., Constr. Co.—76 Ind. App. 250.

Compensation Act by Ephriam Williams against the United Fourth Vein Coal Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor* and *George W. Buff,* for appellant.

*Harold A. Henderson,* for appellee.

NICHOLS, P. J.—We are wholly unable to understand why an appeal should be taken from the Industrial Board in this case, as the only question that is presented for our consideration is as to whether there was sufficient evidence to support a partial dependency. The rule of law is well established that the finding of facts by the Industrial Board stands upon the same footing as the finding of facts by a trial court or the verdict of the jury, and when such finding is supported by competent evidence it is conclusively binding upon this court. We do not need to cite authorities to sustain this proposition. There was ample evidence to sustain the finding and award of the Industrial Board.

The judgment is affirmed.

---

HAYNES AUTOMOBILE COMPANY ET AL. *v.* MICHAEL AND MINNICK CONSTRUCTION COMPANY.

[No. 10,913.    Filed June 30, 1921.]

MUNICIPAL CORPORATIONS.—*Public Improvements.—Drains.—Interest on Assessments.—Statutes.—*Where owners of property liable for assessment for the construction of a municipal sewer appealed from the board of assessors' report, and on its approval by the circuit court appealed to the Supreme Court, where there was a reversal and the cause was remanded with instructions to submit the appeals to the circuit court for trial, the property owners, upon payment of their assessments within thirty days after the filing with the treasurer of the judgment and decree of the circuit court after the final hearing following the remand as required by §8729 Burns 1914, Acts 1909 p. 238, and within thirty days from notice of such judgment under

§8718 Burns 1914, Acts 1909 p. 412, were not, under §8718 Burns 1914, Acts 1913 p. 349, required to pay interest on the assessments since there was no valid assessment determined until the final hearing after the cause was remanded by the Supreme Court.

From Howard Circuit Court; *William C. Overton,* Judge.

Action by the Michael and Minnick Construction Company against the Haynes Automobile Company and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*J. A. Van Osdol, Conrad Wolf, Earl B. Barnes* and *C. W. Roll,* for appellants.

*Joseph C. Herron,* for appellee.

NICHOLS, P. J.—This is an action to recover principal, interest and attorney's fees upon certain assessments against lands of appellants for the construction of a sewer along a stream and watercourse in the city of Kokomo, Indiana.

The facts involved are stated in the special findings of the court and are substantially as follows:

A construction contract between the city of Kokomo, Indiana and appellee was executed November 4, 1912, and appellee completed the sewer February 9, 1914, on which day the improvement was accepted by the city as completed. The Howard Circuit Court appointed as a board of assessors, three persons who filed their report in the Howard Circuit Court, April 14, 1914, showing an assessment against the real estate of each appellant. Within the time fixed by the statute appellants, and each of them, filed with the court their appeals and offered to introduce evidence in support thereof, in order that the court might determine and adjudge the proper amounts of such assessments. The court refused to hear evidence in support of these appeals, and, over the objections of appellants, appointed reappraisers to re-

assess their real estate, which was done, and the reassessment reported in which the real estate was assessed in the same amounts as theretofore. This report of reassessment was approved by the court, over the objections and exceptions of appellants.

Thereupon appellants appealed to the Supreme Court which court reversed the trial court, and remanded the cause with instructions to hear evidence and to submit the appeals to the court for trial and determination in accordance with the opinion of the Supreme Court. See, *Haynes Automobile Co.* v. *City of Kokomo* (1917), 186 Ind. 9, 114 N. E. 758. The assessments against appellant Haynes Automobile Company was reduced $100, but the assessments fixed against the other appellants remained the same.

On April 30, 1919, the city of Kokomo filed with the treasurer of Howard county, in duplicate, the judgment and decree of the court, and on the same day, April 30, 1919, appellee made written demand upon each of appellants to pay the assessments within fifteen days to the treasurer of Howard county, together with interest from February 9, 1914, at six per cent. On May 15, 1919, each of appellants tendered to the treasurer of Howard county, the full amount of each of the assessments, without interest, which tenders were refused by the treasurer on instruction and advice of appellee. After the bringing of this action, there was paid into court for the use of appellee, $465 by the Haynes Automobile Company, $300 by the Traction Land Company, and $375 by the Union Traction Company of Indiana, being the full amount of the respective assessments, without interest. The court found the amount of the assessment against each piece of real estate together with the amount of interest and found that there was due and unpaid $5 attorney's fees as against each lot described.

On these facts, specially found as aforesaid, the court stated conclusions of law to the effect that appellee should have a lien against the respective properties of appellants for the amount of the respective assessments against the same to which should be added interest and attorney's fees.   The substantial question presented by this appeal is as to whether appellee has a right to recover interest from February 9, 1914, and whether he has a right to recover attorney's fees.

It is the contention of appellants that no interest accrued until the assessments were finally, definitely and properly determined by the court, and a decree certified to the treasurer, and that, as they each thereafter tendered the full amount of the assessments to the treasurer within the time provided in the statute, no interest is collectable; while it is the contention of appellee that he is entitled to interest from the date of the final estimate, which was February 9, 1914.

From the foregoing it is apparent that no valid assessment was determined as against appellants until the final hearing after the cause was remanded from the Supreme Court.   It is provided in §8729 Burns 1914, Acts 1909 p. 238, that the court shall "by proper order, direct the clerk of said court to make out in duplicate a true and corrected list or roll showing the names of the property holders, together with a description of each piece or parcel of property, together with the benefits and damages assessed upon or in favor of such parcel, and certify the same under the seal of the court, and deliver one copy thereof to the city controller and the other to the treasurer of the county."   This section then provides that:   "All further proceedings in relation to any such improvements and matters connected therewith shall be done and performed in accordance with the requirements of law now governing public improvements in cities and towns."

Section 8717 Burns 1914, Acts 1909 p. 412, which pertains to public improvements in cities, provides that: "Upon receipt of the certified copy of the assessment roll by the treasurer, it shall at once become his duty to notify each person affected by the same of the amount of the assessment against the property owned by him. Said notice shall state that said amount must be paid within thirty days from the date of the approval of said assessment roll by the board of public works," in this case, because of the appeal, from the date of the approval of the assessment roll by the court.

Section 8718 Burns 1914, Acts 1913 p. 349 provides so far as pertains to this case, that, "the entire assessment shall be payable in cash *without interest* (our italics) before the expiration of said thirty days." The record shows that the assessment roll was filed with the county treasurer and that notice was given on April 30, 1919. Payment of the full amount of the assessments without interest and without attorney's fees was tendered to the treasurer May 15, 1919, which tender was refused by the treasurer because of an instruction to refuse which he had received from appellee. At the time of such tender, appellee had no right of action and of course no right to recover attorney's fees. The statute needs no interpretation; it expressly provides that the payment may be made within thirty days, without interest. Because of the long delay in the payment of assessments, we can clearly understand why appellee so earnestly contends that he should have interest, but the court is only called upon to construe the statute, and under it no interest was recoverable at the time that payment was tendered.

The judgment is reversed with instructions to the trial court to restate its conclusions of law in harmony with this opinion, and to render judgment accordingly.